**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

|  |  |  |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| A.G. DILLARD, INC.,[1] | : | Case No. 22-60115-RBC |
| | : | |
| Debtor in Possession. | : | |
| | x | |

**MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING USE OF CASH COLLATERAL;
AND (II) GRANTING ADEQUATE PROTECTION**

A.G. Dillard, Inc., as the Debtor and Debtor-in-Possession (the "**Debtor**") in the above-captioned Chapter 11 bankruptcy case, by and through its proposed counsel, hereby moves (the "**Motion**") the Court for entry of interim and final orders, each substantially in the forms attached hereto as **Exhibit A-1** (the "**Interim Order**") and **Exhibit A-2** (the "**Final Order**"), pursuant to sections 361 and 363 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtor to (i) use cash collateral; and (ii) grant adequate protection in the form of replacement liens. In support of the Motion, the Debtor submits as follows:

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows: A.G. Dillard, Inc. (2048).  The Debtor's headquarters are located at 295 Memory Lane, Troy, Virginia 22974.

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:     804.771.9500
Facsimile:      804.644.0957
E-mail:           rwestermann@hirschlerlaw.com
                       bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 28 U.S.C. § 1334(b).  This matter is a core proceeding within the meaning of 28 U.S.C. §157 (b)(2).

2.      Venue in the United States Bankruptcy Court for the Western District of Virginia, Harrisonburg Division (the "**Court**"), with respect to the above-captioned Chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested herein are sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001.

## FACTUAL BACKGROUND

4.      On February 9, 2022 (the "**Petition Date**"), the Debtor filed with the Court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing the above-captioned case (the "**Case**").

5.      The Debtor continues in the possession of its property and continues to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      The Debtor was founded in 1966 and began as a driveway paving company.  Over fifty (50) years later, the Debtor has become an established excavating contractor in the central and surrounding Virginia regions.  The Debtor provides a wide variety of site construction services from start to finish that allow a developer to eliminate working with multiple contractors for site preparation.

7.      In 2019, the Debtor was generating over $26 million in income.  One year later, in 2020, the Debtor increased its revenue to over $27 million, but due to multiple factors, including those related to the COVID-19 pandemic (the "**Pandemic**"), the cost to perform pre-Pandemic

fixed contracts increased by nearly $10 million, causing a net loss.   The financial strain has also caused sales revenue to drop because of the Debtor's inability to meet credit terms imposed by vendors.   Though the Debtor has shed unnecessary equipment and expenses, and sought to restructure its debt obligations independently, its cash flow remains hindered by excessive payment obligations.   In late January 2021, 1st Source Bank declared default against the Debtor and demanded turnover of its collateral, which would effectively cease the Debtor's business operation.

8.      Due to the above-cited factors, the Debtor, in consultation with its advisors, determined that filing for relief under Chapter 11 of the Bankruptcy Code was in the best interests of the Debtor and all of its stakeholders and will enable the Debtor to remain in business by, among other things, increasing necessary working capital by (i) allowing the Debtor to coordinate with its term and equipment lenders to refine appropriate payment schedules, (ii) restructuring overall debts and obligations, and (iii) allowing new capital funding, which will allow the Debtor to optimize efficient completion of project contracts.   Moreover, given the immediate pressures imposed by certain creditors, the filing provides the Debtor with the platform to treat all creditors appropriately and preserves certain claims of the Debtor.   Finally, the filing provides the Debtor with adequate time to formulate a comprehensive and feasible plan to maximize value for all parties in interest.

9.      To the best of the Debtor's knowledge, Blue Ridge Bank, NA ("**BRB**") is the only secured creditor with a lien on the Debtor's accounts.   Pursuant to a security agreement dated March 12, 2018 in the original principal amount of $1,000,000.00 (increased pursuant to a promissory note to $4,000,000.00 on December 18, 2019) (the "**Line of Credit**"), BRB has a blanket lien on "all assets" of the Debtor, including all Debtor's accounts (the "**Cash Collateral**").

In addition, pursuant to a promissory note in the amount of $5,000,000.00 (the "**Note**" and together

with the Line of Credit, the "**BRB Obligations**") dated September 25, 2020, solely for the purpose

of refinancing BRB debt and at a cost of over $160,000 to the Debtor,  BRB has a blanket lien on

the Debtor's tangible and intangible property as well as a specific lien on the Debtor's Cash

Collateral.   UCC-1 Financing Statements have been filed evidencing the BRB Obligations.

10.     The Debtor requires the use of its Cash Collateral in order to operate its business,

pay its employees, and effectively reorganize. A projected cash-flow budget is attached to the

Proposed Order as **Exhibit 1**.

11.     During the first thirty (30) days, the Debtor will evaluate all secured debt

obligations and anticipates coordinating with the secured creditors to develop reasonable and

appropriate payment terms.

## RELIEF REQUESTED

12.     By this Motion, the Debtor seeks entry of interim and final orders authorizing the

(i) use of the Debtor's Cash Collateral; (ii) granting of adequate protection to BRB in the form of

replacement liens in connection with the Debtor's use; and (iii) waiving any stay.

## BASIS FOR RELIEF REQUESTED

13.     Section 363(c) of the Bankruptcy Code prohibits the use of cash collateral unless

the party with an interest in the cash collateral consent or the Court authorizes such use.  11 U.S.C.

§ 363(c).  Section 363(e) of the Bankruptcy Code provides that upon request of an entity that has

an interest in property to be used by a debtor, the court shall prohibit or condition such use as is

necessary to provide "adequate protection" of such interest. 11 U.S.C. § 363(e).

14.     The Bankruptcy Code does not explicitly define "adequate protection," but does

provide a non-exclusive list of the means by which a debtor may provide adequate protection. *See*

11 U.S.C. § 361(c). Section 361 provides that, "When adequate protection is required under section 362, 363, or 364 of this title of the interest of an entity in property, such adequate protection may be provided by – (1) requiring the trustee to make a cash payment or periodic cash payments to such entity [or] . . . (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease or grant results in a decrease in the value of such entity's interest in such property . . . ." 11 U.S.C. § 361.

15.     The Debtor proposes to provide post-Petition Date liens to BRB upon all assets of the same type as BRB's Cash Collateral, which are or have been acquired, generated, or received by the Debtor after the Petition Date. The replacement liens shall be perfected, enforceable, choate, and effective without the necessity of BRB taking any other action, including the filing of any additional security documents with respect thereto. The Debtor proposes that the replacement lien will be granted only to secure an amount equal to the actual amount of Cash Collateral used by the Debtor.

16.     Pursuant to Bankruptcy Rule 4001(b)(2), a minimum of 14 days' notice is required before a final hearing on the Motion may take place. The same rule, however, also provides that the Court "may conduct a preliminary hearing before such 14-day period expires, but the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." Fed. R. Bankr. P. 4001(b)(2).

17.     In addition, Bankruptcy Rule 6003(b) provides that, "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition," grant relief upon "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate." Fed. R. Bankr. P. 6003(b).

18.     As set forth above, the Debtor has an immediate and urgent need for the use of the

Cash Collateral. If the Debtor is unable to utilize the Cash Collateral, the Debtor will be forced to

shut down its business operation.  The Debtor believes its value as a going concern is significantly

greater than the liquidation value of its assets.   Thus, the Debtor requests that the Court approve

the protections proposed herein as adequately protecting BRB's interests and authorize the Debtor

to provide those protections.  Additionally, the Debtor submits that the requirements of Bankruptcy

Rules 4001(b)(2) and 6003(b) have been satisfied.

19.     Pursuant to Bankruptcy Rule 4001(b)(2), the Debtor requests that the Court

schedule a final hearing on the Motion.  The Debtor further requests that it be authorized to serve

a copy of the signed Interim Order, which fixes the time and date for the filing of objections, if

any, by first class mail upon the Notice Parties listed below. The Debtor also requests that the

Court consider such notice of the Final Hearing to be sufficient notice under Bankruptcy Rule

4001(c)(2).

20.     Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy

Rule 6004(h)) or Local Bankruptcy Rule of the Court that might otherwise delay the effectiveness

of any Order, and for the reasons explained herein, the Debtor respectfully requests that the terms

and conditions of the Interim and Final Orders be immediately effective and enforceable upon

entry.

## **NOTICE**

21.     Notice of this Motion has been provided by electronic or overnight mail to: (i) the

Office of the United States Trustee for the Western District of Virginia; (ii) BRB; (iii) all known

secured parties; (v) top 20 unsecured creditors; and (vi) any party that has requested notice

pursuant to Bankruptcy Rule 2002.  The Debtor submits that, under the circumstances, no other or

further notice of the Motion is required.

### NO PRIOR REQUEST

22.    No prior request for the relief sought herein has been made to this or any other

Court.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the relief requested

herein and such other and further relief as is just and proper.

Dated: February 9, 2022

/s/  *Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  (804) 771-9500
Facsimile:  (804) 644-0957
E-mail: rwestermann@hirschlerlaw.com
          bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*

**<u>EXHIBIT A-1</u>**

**(Proposed Interim Order)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| A.G. DILLARD, INC.,[2] | : | Case No. 22-60115-RBC |
| | : | |
| Debtor in Possession. | : | |
| | x | |

**INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; AND (II)
GRANTING ADEQUATE PROTECTION TO BLUE RIDGE BANK**

---

[2] The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows: A.G. Dillard, Inc. (2048).  The Debtor's headquarters are located at 295 Memory Lane, Troy, Virginia 22974.

---

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9500
Facsimile:      804.644.0957
E-mail:      rwestermann@hirschlerlaw.com
            bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*

Upon the motion (the "**Motion**")[3] of A.G. Dillard, Inc. as the Debtor and Debtor-in

Possession (the "**Debtor**") in the above-captioned Chapter 11 bankruptcy case, by and through its

proposed counsel, for entry of interim and final orders, pursuant to sections 361 and 363 of the

Bankruptcy Code and Bankruptcy Rule 4001, authorizing use of cash collateral and granting

certain adequate protection to Blue Ridge Bank; the Court finds that: (a) it has jurisdiction over

the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (b) this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best

interest of the Debtor, its estate and creditors, and is necessary to prevent immediate and

irreparable harm; (d) proper and adequate notice of the Motion and the hearing thereon has been

given and no other or further notice is necessary; (e) Blue Ridge Bank is adequately protected by

virtue of the replacement liens granted in the funds received post-Petition Date; and (f) upon the

record herein after due deliberation thereon, good and sufficient cause exists for the granting of

the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The relief requested in the Motion is hereby **GRANTED** on an interim basis.

2.      The Debtor is authorized to take all actions necessary to effectuate the relief granted

pursuant to this Interim Order.

3.      Subject to the terms and conditions of this Interim Order, the Debtor is authorized

to use the Cash Collateral as set forth in **Exhibit 1** (the "**Budget**").

4.      As adequate protection under section 361 of the Bankruptcy Code for the use of the

Cash Collateral, Blue Ridge Bank shall have a replacement lien on all post-Petition Date income

of the Debtor to the extent of the Debtor's use of the Cash Collateral.

---

[3]  Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

5.      The final hearing on the Motion is scheduled on_____ __, 2022 at __:__ _.m. (prevailing Eastern Time) before this Court (the "**Final Hearing**").

6.      Within three business days of the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order, thereby providing notice of the Final Hearing, on (a) the U.S. Trustee; (b) attorneys for Blue Ridge Bank, if known; (c) Blue Ridge Bank; and (d) those creditors holding the twenty (20) largest unsecured claims against the Debtor's estate.  Any objection to the relief requested in the Motion on a permanent basis must, by 4:00 p.m. (prevailing Eastern Time) on _____ __, 2022 (the "**Objection Deadline**"), be: (a) filed with the Court; and (b) actually received by: (i) the Office of the U.S. Trustee, First Campbell Square Building, 210 First Street, SW, Suite 505, Roanoke, VA 24011; and (ii) proposed counsel to the Debtor, Hirschler Fleischer, P.C., P.O. Box 500, Richmond, Virginia 23218-0500, Attn: Robert S. Westermann, Esq. and Brittany B. Falabella, Esq., email: rwestermann@hirschlerlaw.com and bfalabella@hirschlerlaw.com on or before the Objection Deadline.

7.      The contents of the Motion and the notice procedures set forth herein are good and sufficient notice and satisfy Bankruptcy Rules 4001 and 9014 by providing parties with notice and an opportunity to object and be heard at a hearing.

8.      Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Interim Order, the terms and conditions of this Interim Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Interim Order.

*\*\*End of Order\*\**

We ask for this:

_____/s/_____
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  (804) 771-9500
Facsimile:   (804) 644-0957
E-mail: rwestermann@hirschlerlaw.com
          bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*


SEEN AND NO OBJECTION:

_____
Office of the United States Trustee
First Campbell Square Building
210 First Street, SW
Suite 505
Roanoke, VA 24011
Email:  Webb.King@usdoj.gov
          Joel.Charbonea@usdoj.gov

*Office of the United States Trustee*

## Exhibit 1

**(Budget)**

**ACE DILLARD, INC.**

**CASH COLLATERAL BUDGET**

**(PERIOD FEB 9 2022 - MAR 8 2022)**

| | PERIOD | PERIOD | PERIOD | PERIOD | PERIOD | BUDGET |
|---|---|---|---|---|---|---|
| Period | W/E 2/11/22 | W/E 2/18/22 | W/E 2/25/22 | W/E 3/04/22 | P/E 3/8/22 | TOTAL |
| **COLLECTIONS FROM RECEIPTS** | $ 300,000 | $ 200,000 | $ 200,000 | $ 300,000 | $ 100,000 | $ 1,100,000 |
| **PAYMENTS TO COGS** | | | | | | |
| Direct Labor Field - hourly (55) | 30,000 | 50,000 | 50,000 | 50,000 | 20,000 | 200,000 |
| Materials | 20,250 | 33,750 | 33,750 | 33,750 | 13,500 | 135,000 |
| Subcontracting | 30,000 | 50,000 | 50,000 | 50,000 | 20,000 | 200,000 |
| Other | 2,250 | 3,750 | 3,750 | 3,750 | 1,500 | 15,000 |
| Equipment Rental | 2,250 | 3,750 | 3,750 | 3,750 | 1,500 | 15,000 |
| **Total Payments Cost of Goods Sold** | $ 84,750 | $ 141,250 | $ 141,250 | $ 141,250 | $ 56,500 | $ 565,000 |
| **Net Cash after Payments** | $ 215,250 | $ 58,750 | $ 58,750 | $ 158,750 | $ 43,500 | $ 535,000 |
| **Payments to Operating Expenses** | | | | | | |
| Indirect Labor Salaries (7) | 9,000 | 15,000 | 15,000 | 15,000 | 6,000 | 60,000 |
| Indirect Mechanics Wages (2) | 975 | 1,625 | 1,625 | 1,625 | 650 | 6,500 |
| Indirect Shop Supplies & Expenses | 375 | 625 | 625 | 625 | 250 | 2,500 |
| Indirect Shop Uniforms | 150 | 250 | 250 | 250 | 100 | 1,000 |
| Indirect License Auto | 750 | 1,250 | 1,250 | 1,250 | 500 | 5,000 |
| Indirect Gas and Oil | 3,750 | 6,250 | 6,250 | 6,250 | 2,500 | 25,000 |
| Indirect Repairs | 450 | 750 | 750 | 750 | 300 | 3,000 |
| Insurance Auto | 2,100 | 3,500 | 3,500 | 3,500 | 1,400 | 14,000 |
| Salaries Office (5) | 3,450 | 5,750 | 5,750 | 5,750 | 2,300 | 23,000 |
| Salaries - Officers (1) | 7,500 | 12,500 | 12,500 | 12,500 | 5,000 | 50,000 |
| Payroll Taxes | 3,000 | 5,000 | 5,000 | 5,000 | 2,000 | 20,000 |
| Health Insurance & Benefits | 22,000 | | | 22,000 | | 44,000 |
| Commercial Insurance | 8,000 | | | 8,000 | | 16,000 |
| Rent | 26,000 | | | 26,000 | | 52,000 |
| Supplies & Expenses - Office | 8,180 | 8,180 | 8,180 | 8,180 | 8,180 | 40,900 |
| Utilities & Telephone | 5,500 | | | 5,500 | | 11,000 |
| Other Misc. | 6,000 | 10,000 | 10,000 | 10,000 | 4,000 | 40,000 |
| US Trustee Fees | 1,566 | 1,566 | 1,566 | 1,566 | 1,566 | 7,831 |
| Professional Fees (Restructuring) | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 50,000 |
| **Total Payments to Operating Expenses** | $ 118,746 | $ 82,246 | $ 82,246 | $ 143,746 | $ 44,746 | $ 471,731 |
| **Net Cash flow From Operations** | $ 96,504 | $ (23,496) | $ (23,496) | $ 15,004 | $ (1,246) | $ 63,269 |

## EXHIBIT A-2

**(Proposed Final Order)**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| | x | |
| In re: | : | Chapter 11 |
| | : | |
| A.G. DILLARD, INC.,[4] | : | Case No. 22-60115-RBC |
| | : | |
| Debtor in Possession. | : | |
| | x | |

**FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; AND (II)**
**GRANTING ADEQUATE PROTECTION TO BLUE RIDGE BANK**

---

[4] The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows: A.G. Dillard, Inc. (2048).  The Debtor's headquarters are located at 295 Memory Lane, Troy, Virginia 22974.

---

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:      804.771.9500
Facsimile:      804.644.0957
E-mail:      rwestermann@hirschlerlaw.com
                 bfalabella@hirschlerlaw.com

*Proposed Counsel for Branches of Life LLC*

Upon the motion (the "**Motion**")[5] of A.G. Dillard, Inc. as the Debtor and Debtor-in Possession (the "**Debtor**") in the above-captioned Chapter 11 bankruptcy case, by and through its proposed counsel, for entry of interim and final orders, pursuant to sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001, authorizing use of cash collateral and granting certain adequate protection to Blue Ridge Bank; the Court finds that: (a) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors, and is necessary to prevent immediate and irreparable harm; (d) proper and adequate notice of the Motion and the hearing thereon has been given and no other or further notice is necessary; (e) Blue Ridge Bank is adequately protected by virtue of the replacement liens granted in the funds received post-Petition Date; and (f) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

10.     The relief requested in the Motion is hereby **GRANTED** on a final basis.

11.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order.

12.     Subject to the terms and conditions of this Final Order, the Debtor is authorized to use the Cash Collateral as set forth in **Exhibit 1** (the "**Budget**").

13.     As adequate protection under section 361 of the Bankruptcy Code for the use of the Cash Collateral, Blue Ridge Bank shall have a replacement lien on all post-petition income of the Debtor to the extent of the Debtor's use of the Cash Collateral.

---

[5]    Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

14.     The contents of the Motion and the notice procedures set forth herein are good and sufficient notice and satisfy Bankruptcy Rules 4001 and 9014 by providing parties with notice and an opportunity to object and be heard at a hearing.

15.     Notwithstanding any Bankruptcy Rule (including, but not limited to, Bankruptcy Rule 6004(h)) or Local Bankruptcy Rule that might otherwise delay the effectiveness of this Interim Order, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

16.     This Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Final Order.

*\*\*End of Order\*\**

We ask for this:

  /s/
_____
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  (804) 771-9500
Facsimile:   (804) 644-0957
E-mail: rwestermann@hirschlerlaw.com
       bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*

SEEN AND NO OBJECTION:

_____

Office of the United States Trustee
First Campbell Square Building
210 First Street, SW
Suite 505
Roanoke, VA 24011
Email:  Webb.King@usdoj.gov
        Joel.Charbonea@usdoj.gov

*Office of the United States Trustee*

## Exhibit 1

**(Budget)**

**ALG DILLARD, INC.**
**CASH COLLATERAL BUDGET**
**(PERIOD FEB 9 2022 - MAR 8 2022)**

| Period | PERIOD | PERIOD | PERIOD | PERIOD | PERIOD | BUDGET |
|---|---|---|---|---|---|---|
| | W/E 2/11/22 | W/E 2/18/22 | W/E 2/25/22 | W/E 3/04/22 | P/E 3/8/22 | TOTAL |
| **COLLECTIONS FROM RECEIPTS** | $ 300,000 | $ 200,000 | $ 200,000 | $ 300,000 | $ 100,000 | $ 1,100,000 |
| **PAYMENTS TO COGS** | | | | | | |
| Direct Labor Field - hourly (55) | 30,000 | 50,000 | 50,000 | 50,000 | 20,000 | 200,000 |
| Materials | 20,250 | 33,750 | 33,750 | 33,750 | 13,500 | 135,000 |
| Subcontracting | 30,000 | 50,000 | 50,000 | 50,000 | 20,000 | 200,000 |
| Other | 2,250 | 3,750 | 3,750 | 3,750 | 1,500 | 15,000 |
| Equipment Rental | 2,250 | 3,750 | 3,750 | 3,750 | 1,500 | 15,000 |
| **Total Payments Cost of Goods Sold** | $ 84,750 | $ 141,250 | $ 141,250 | $ 141,250 | $ 56,500 | $ 565,000 |
| **Net Cash after Payments** | $ 215,250 | $ 58,750 | $ 58,750 | $ 158,750 | $ 43,500 | $ 535,000 |
| **Payments to Operating Expenses** | | | | | | |
| Indirect Labor Salaries (7) | 9,000 | 15,000 | 15,000 | 15,000 | 6,000 | 60,000 |
| Indirect Mechanics Wages (2) | 975 | 1,625 | 1,625 | 1,625 | 650 | 6,500 |
| Indirect Shop Supplies & Expenses | 375 | 625 | 625 | 625 | 250 | 2,500 |
| Indirect Shop Uniforms | 150 | 250 | 250 | 250 | 100 | 1,000 |
| Indirect License Auto | 750 | 1,250 | 1,250 | 1,250 | 500 | 5,000 |
| Indirect Gas and Oil | 3,750 | 6,250 | 6,250 | 6,250 | 2,500 | 25,000 |
| Indirect Repairs | 450 | 750 | 750 | 750 | 300 | 3,000 |
| Insurance Auto | 2,100 | 3,500 | 3,500 | 3,500 | 1,400 | 14,000 |
| Salaries Office (5) | 3,450 | 5,750 | 5,750 | 5,750 | 2,300 | 23,000 |
| Salaries - Officers (1) | 7,500 | 12,500 | 12,500 | 12,500 | 5,000 | 50,000 |
| Payroll Taxes | 3,000 | 5,000 | 5,000 | 5,000 | 2,000 | 20,000 |
| Health Insurance & Benefits | 22,000 | | | 22,000 | | 44,000 |
| Commercial Insurance | 8,000 | | | 8,000 | | 16,000 |
| Rent | 26,000 | | | 26,000 | | 52,000 |
| Supplies & Expenses - Office | 8,180 | 8,180 | 8,180 | 8,180 | 8,180 | 40,900 |
| Utilities & Telephone | 5,500 | | | 5,500 | | 11,000 |
| Other Misc. | 6,000 | 10,000 | 10,000 | 10,000 | 4,000 | 40,000 |
| US Trustee Fees | 1,566 | 1,566 | 1,566 | 1,566 | 1,566 | 7,831 |
| Professional Fees (Restructuring) | 10,000 | 10,000 | 10,000 | 10,000 | 10,000 | 50,000 |
| **Total Payments to Operating Expenses** | $ 118,746 | $ 82,246 | $ 82,246 | $ 143,746 | $ 44,746 | $ 471,731 |
| **Net Cash flow From Operations** | $ 96,504 | $ (23,496) | $ (23,496) | $ 15,004 | $ (1,246) | $ 63,269 |