**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

|  |  |
|---|---|
| IN RE:<br><br>**A.G. DILLARD, INC.,**[1]<br><br>           **DEBTOR.** | Chapter 11<br>Case No. 22-60115-RBC |
| **A.G. DILLARD, INC., AS DEBTOR IN POSSESSION,**<br><br>           **MOVANT,**<br><br>**V.**<br><br>**BLUE RIDGE BANK, N.A.,**<br><br>           **RESPONDENT.** | **Contested Matter** |

**DEBTOR'S MOTION FOR (I) AUTHORITY TO SELL PROPERTY OF THE ESTATE
AT PRIVATE SALE FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, AND
INTERESTS PURSUANT TO 11 U.S.C. § 363 AND BANKRUPTCY RULE 6004;
(II) AUTHORITY RELATED TO CLOSING AND DISTRIBUTION OF
SALE PROCEEDS; AND (III) RELATED RELIEF**

A.G. Dillard, Inc., as the Debtor and Debtor-in-Possession (the "**Debtor**"), by its

undersigned proposed counsel, hereby moves (the "**Motion**") the Court to (i) grant the Debtor

---

[1]   The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows:
A.G. Dillard, Inc. (2048).  The Debtor's headquarters are located at 295 Memory Lane, Troy, Virginia 22974.

Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:      (804) 771-5610
Facsimile:      (804) 644-0957
Email:          rwestermann@hirschlerlaw.com
                bfalabella@hirschlerlaw.com

*Proposed Counsel to the Debtor*

authority to sell property of the estate at a private sale free and clear of all liens, claims, rights, and

interests pursuant to section 363 of Title 11 of the United States Code (the "**Bankruptcy Code**")

and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (ii) grant

the Debtor authority related to the closing and distribution of the sale proceeds, and (iii) grant

related relief, as follows:

## Jurisdiction and Background

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and

157(a).

2.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

3.      The predicates for relief requested herein are §§ 105(a) and 363(f) of the

Bankruptcy Code and Rules 6004, 7001, and 9014 of the Bankruptcy Rules.

4.      On February 9, 2022 (the "**Petition Date**"), the Debtor filed with the Court a

voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the

above-captioned Chapter 11 case (the "**Case**").

5.      The Debtor continues in the possession of its property and continues to operate and

manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code.

6.      No trustee or examiner has been appointed in this Case.

## Proposed Sale of Property of the Estate

7.      At the commencement of the Case, the Debtor owned an interest in six (6) vehicles

more specifically described as follows:

| MAN. | YEAR | MAKE | VIN |
|------|------|------|-----|
| GMC | 2019 | SIERRA 2500 HD | 2GT22NEGOK1157850 |
| GMC | 2018 | SIERRA 2500 HD SLT | 1GT12TEG3JF173886 |
| GMC | 2020 | SIERRA 1500 4WD | 3GTU9BEDOLG178988 |

| GMC | 2020 | SIERRA 1500 4WD | 3GTU9BED6LG814391 |
| GMC | 2019 | SIERRA 2500 4WD | 1GT12REY4KF235972 |
| GMC | 2016 | SIERRA 2500 4WD | 1GT12TEG7GF276642 |

(the "**Vehicles**").

8.    Pursuant to §541(a) of the Bankruptcy Code, the Debtor's interest in the Vehicles became property of the estate upon commencement of the Case.

9.    The only known asserted lien on, claim to, right in, and interest in the Vehicles is the blanket lien of Blue Ridge Bank, N.A. (the "**Bank**") pursuant to a promissory note between the Bank and the Debtor dated September 25, 2020 and, upon information and belief, perfected by filing a UCC-1 Financing Statement and by the Bank's retention of the titles to the Vehicles.

10.    The Debtor anticipates paying the Bank by consent for an agreed amount.

11.    The Debtor obtained offers from Colonial Auto Center (the "**Buyer**") to purchase the Vehicles (the "**Offer**") for a cumulative purchase price of $208,250 as of the date of this Motion (the "**Proposed Purchase Price**").  Due to the nature of the transaction where such offers upon appraisals are only valid for a short period of time, the Proposed Purchase Price may fluctuate slightly.  An agreed purchase price (the "**Purchase Price**") will be set forth in contracts of sale (the "**Contracts of Sale**") that the Debtor will file as a supplement to this Motion prior to any hearing and upon consultation with the Bank.  The Proposed Purchase Price breaks down as follows:

| MAN. | YEAR | MAKE | AMOUNT |
|------|------|------|--------|
| GMC | 2019 | SIERRA 2500 HD | $30,000 |
| GMC | 2018 | SIERRA 2500 HD SLT | $20,000 |
| GMC | 2020 | SIERRA 1500 4WD | $35,750 |
| GMC | 2020 | SIERRA 1500 4WD | $39,000 |
| GMC | 2019 | SIERRA 2500 4WD | $53,000 |
| GMC | 2016 | SIERRA 2500 4WD | $30,500 |
| | | **TOTAL** | **$208,250** |

12.    A copy of any contract(s) of sale along with evidence of the Buyer's ability to pay the Purchase Price by terms agreeable to the Debtor and the Bank, will be provided upon receipt by filing a supplemental notice to this Motion.

13.    The Debtor proposes to sell the Vehicles to the Buyer at the Purchase Price, with closing to occur upon Court approval.

14.    Pursuant to §363(b)(1) of the Bankruptcy Code, the Debtor, after notice and a hearing, may sell property of the estate other than in the ordinary course of business.  Pursuant to Bankruptcy Rule 6004(f)(1), the Debtor may sell property not in the ordinary course of business at private sale.

15.    The Debtor further proposes that he sell the Vehicles free and clear of all other liens, claims, rights, and interests on or in the Vehicles (collectively, the "**Liens & Claims**"), pursuant to § 363(f) of the Bankruptcy Code, and that the Liens & Claims attach to the proceeds of the sale according to the respective priority of the Liens & Claims.

16.    Pursuant to § 363(f) of the Bankruptcy Code, a debtor may sell property of the estate free and clear of an entity's interest in such property other than that of the estate, only if applicable non-bankruptcy law permits sale of such property free and clear of such interest, such entity consents, such an interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, such interest is in bona fide dispute, or such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

17.    The Debtor anticipates that the Bank will consent to the sale.

18.     Grounds exist for the sale free and clear of all other Liens & Claims, in that, upon
information and belief, no such liens, claims, rights, and interest have been recorded or perfected
and are therefore in bona fide dispute.

19.     The Purchase Price is reasonable under the circumstances. Pursuant to an appraisal
report prepared for the Bank in October of 2021 (the "**Appraisal**"), summarized below, the
Vehicles had an orderly liquidation value ("**OLV**") of $226,000 and a fair market value ("**FMV**")
of $244,000.

| MAN. | YEAR | MAKE | OLV | FMV |
|------|------|------|-----|-----|
| GMC | 2019 | SIERRA 2500 HD | $29,000 | $32,000 |
| GMC | 2018 | SIERRA 2500 HD SLT | $29,600 | $32,600 |
| GMC | 2020 | SIERRA 1500 4WD | $39,300 | $42,300 |
| GMC | 2020 | SIERRA 1500 4WD | $42,200 | $42,200 |
| GMC | 2019 | SIERRA 2500 4WD | $55,800 | $58,800 |
| GMC | 2016 | SIERRA 2500 4WD | $30,100 | $33,100 |
| | | **TOTALS** | **$226,000** | **$244,000** |

20.     The Purchase Price of the Vehicles is the result of arm's length negotiations
between the Debtor and the Buyer.  The proposed sale eliminates monthly expenses associated
with maintenance, service, insurance, and storage of the Vehicles, the costs of which greatly
exceed any difference between the Proposed Purchase Price and the values provided in the
Appraisal.  In addition, since the Appraisal, the Vehicles have incurred additional mileage thereby
decreasing their values as reflected in the Appraisal.  The Debtor has obtained more recent
appraisals on two of the Vehicles, attached hereto as **Exhibit A**, reflecting that the Purchase Price
allocated to those two vehicles is the fair market price.  Moreover, the contemplated sale to the
Buyer avoids the expense of an auctioneer or broker.

21.     The proceeds of the proposed sale will provide needed working capital to continue to fund the Debtor's reorganization.  As a result, the proposed sale of the Vehicles is in the best interests of the estate and its creditors.

### Proposed Authority Related to Closing and Disposition of Sale Proceeds

22.     Pursuant to § 105(a) of the Bankruptcy Code , the Court may issue any order that is necessary or appropriate to carry out the provisions of Title 11.  Furthermore, Bankruptcy Rule 6004(f)(2) provides that the debtor shall execute any instrument necessary or ordered by the Court to effectuate a transfer to the purchaser.

23.     It is necessary for the proposed sale of the Vehicles for the Debtor to execute and deliver the titles to the Vehicles to the Buyer.  The Debtor requests authority to sign and deliver the titles and any other usual and customary documents to effectuate the sale.

24.     Concurrently with the closing of the sale of the Vehicles, the Debtor requests the authority to pay to the Bank an agreed upon sum to release the titles to the Vehicles and retain any net proceeds for working capital.

### Adequacy of Notice & Grant of Relief in the Absence of Objection

25.     Notice of the Motion, the proposed sale of the Vehicles, the hearing on the Motion, and the deadline to file an objection to the Motion has been given as reflected on the certificate of service annexed to the notice filed with the Court.  The notice given is sufficient and fully complies with the applicable rules governing notice filed with the Court, including, without limitation, Bankruptcy Rules 6004(a) and (c) and Local Rule 9013-1.  The Debtor respectfully submits that no further notice is required.

WHEREFORE, the Debtor, by proposed counsel, moves the Court to enter an order substantially in the form attached as **Exhibit B** (1) adopting the foregoing as its findings of fact

and conclusions of law, (2) granting the Motion in its entirety, (3) authorizing the Debtor to sell

the estate's interest in the Vehicles at a private sale to the Buyer on the terms set forth above and

in a forthcoming contract of sale, free and clear of all Liens & Claims, including without limitation

the lien of the Bank, with such liens, claims, rights and interests, if any, attaching to the proceeds

of the sale in their respective priority, (4) authorizing the Debtor to sign and deliver the titles to

the Vehicles and other usual and customary documents necessary for effectuating the sale, (5)

providing that the order approving the proposed sale be effective immediately upon entry, and (6)

granting such other relief as is just and proper.

Dated: February 24, 2022

/s/ *Robert S. Westermann*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
**HIRSCHLER FLEISCHER, P.C.**
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:    (804) 771-5610
Facsimile:    (804) 644-0957
Email:         rwestermann@hirschlerlaw.com
               bfalabella@hirschlerlaw.com
*Proposed Counsel to the Debtor*

## Certificate of Service

I hereby certify that on this 24th day of February, 2022, a true and correct copy of the foregoing Motion was served using the Court's ECF system, which thereby caused the Motion to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter. Further, I certify that on February 24, 2022, I sent a true and correct copy of the foregoing Motion to the parties listed below via electronic mail and first-class, U.S. mail.

Office of the United States Trustee
Attn: Webb King, Esq.
210 First Street, SW
Suite 505
Roanoke, VA 24011
Webb.King@usdoj.gov

Blue Ridge Bank, N.A.
Attn: Mark Heede
1801 Bayberry Court
Richmond, VA 23226
Mark.Heede@mybrb.bank

Blue Ridge Bank
Attn: Michael Mueller, Esq.
Williams Mullen
200 South 10th St., Suite 1600
Richmond, VA 23219
mmueller@williamsmullen.com

/s/ Robert S. Westermann
*Proposed Counsel for the Debtor*

**EXHIBIT A**



# Carter Myers Automotive
*Richmond · Charlottesville · Staunton*

# APPRAISAL OFFER

## CUSTOMER INFORMATION

**NAME:**
**ADDRESS:**
**CITY:**
**STATE:**          **ZIP:**
**PHONE:**

## APPRAISED BY

Nick Walton

## VEHICLE INFORMATION

**YEAR:** 2018      **COLOR:**
**MAKE:** GMC       **MODEL:** Sierra 2500HD
**MILEAGE:** 186758
**ENGINE:**
**VIN:** 1GT12TEG3JF173886

## FEATURES CONSIDERED

**KBB VALUE  $19,621**

**RECONDITIONING ITEMS**

## APPRAISAL OFFER
# $20,000
**DATE:** 2/23/2022

**This offer is good for 7 days and will be honored at the CMA Dealership where it was appraised.**
**After 7 days, your vehicle will need to be reappraised and the offer may change.**

# SELL US YOUR CAR *TODAY!*

Purchase Voucher

**CMA'S Colonial Auto Center**          7648
100 Myers Dr
Charlottesville, VA 22901          DATE 2/23/2022
www.colonialautocenter.com
                    Expires 3/2/2022 or 250 miles from 186758

PAY
TO THE                                      $ 20,000.00
ORDER OF

Twenty thousand and 00/100          DOLLARS

FOR   2018 GMC Sierra 2500HD

⑈ ⑈ 8886⑈⑈ 05256425⑈⑈

This voucher good towards a vehicle purchase - NO CASH VALUE, NON TRANSFERABLE, VOID WHERE PROHIBITED

Voucher only good if vehicle is in same condition (mechanical and appearance) as when appraised.

# Carter Myers Automotive
Proud to Be CMA Since 1924
Richmond · Charlottesville · Staunton

# APPRAISAL OFFER

## CUSTOMER INFORMATION

**NAME:**
**ADDRESS:**
**CITY:**
**STATE:**          **ZIP:**
**PHONE:**

## APPRAISED BY

Nick Walton

## VEHICLE INFORMATION

**YEAR:** 2019          **COLOR:**
**MAKE:** GMC          **MODEL:** Sierra 2500HD
**MILEAGE:** 73409
**ENGINE:**
**VIN:** 2GT22NEG0K1157850

## FEATURES CONSIDERED

**KBB VALUE**

**RECONDITIONING ITEMS**

## APPRAISAL OFFER
# $30,000
**DATE:** 2/23/2022

**This offer is good for 7 days and will be honored at the CMA Dealership where it was appraised.
After 7 days, your vehicle will need to be reappraised and the offer may change.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# SELL US YOUR CAR *TODAY!*

Purchase Voucher                                                        7648

**CMA'S Colonial Auto Center**
100 Myers Dr
Charlottesville, VA 22901          DATE 2/23/2022
www.colonialautocenter.com
                                                Expires 3/2/2022 or 250 miles from 73409

PAY
TO THE
ORDER OF _____          $  30,000.00

Thirty thousand and 00/100          DOLLARS

FOR  2019 GMC Sierra 2500HD

⑈7850⑈  05256425⑈

*This voucher good towards a vehicle purchase - NO CASH VALUE, NON TRANSFERABLE, VOID WHERE PROHIBITED*

Voucher only good if vehicle is in same condition (mechanical and appearance) as when appraised.

**<u>EXHIBIT B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division**

| | |
|---|---|
| IN RE: | |
| **A.G. DILLARD, INC.,**[2] | Chapter 11 |
| **DEBTOR.** | Case No. 22-60115-RBC |
| **A.G. DILLARD, INC., AS DEBTOR IN POSSESSION,** | |
| **MOVANT,** | |
| **V.** | |
| **BLUE RIDGE BANK, N.A.,** | **Contested Matter** |
| **RESPONDENT.** | |

**ORDER GRANTING THE MOTION OF THE DEBTOR FOR (I) AUTHORITY TO
SELL PROPERTY OF THE ESTATE AT PRIVATE SALE FREE AND CLEAR OF ALL
LIENS, CLAIMS, RIGHTS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363 AND
BANKRUPTCY RULE 6004; (II) AUTHORITY RELATED TO CLOSING AND
DISTRIBUTION OF SALE PROCEEDS; AND (III) RELATED RELIEF**

Upon the motion (the "**Motion**")[3] of A.G. Dillard, Inc., the Debtor and Debtor-in-Possession (the "**Debtor**"), by its undersigned proposed counsel, seeking authorization granting the Debtor (i) the authority to sell property of the estate at private sale, free and clear of all liens, claims, rights, and interests pursuant to 11 U.S.C.§ 363 and Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 6004, (ii) authority related to the closing and the distribution of the sale proceeds, and (iii) related relief; and the Court having considered the pleadings, evidence, and/or

---

[2] The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows: A.G. Dillard, Inc. (2048). The Debtor's headquarters are located at 295 Memory Lane, Troy, Virginia 22974.

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

arguments of counsel; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and proper notice of the Motion having been provided to all necessary and appropriate parties; and for good and sufficient cause shown, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED THAT:

1. The Motion is GRANTED and the Contracts of Sale are APPROVED.

2. The Debtor is hereby authorized, but not directed:

    a. To sell the Vehicles more specifically described as:

| MAN. | YEAR | MAKE | VIN |
|------|------|------|-----|
| GMC | 2019 | SIERRA 2500 HD | 2GT22NEGOK1157850 |
| GMC | 2018 | SIERRA 2500 HD SLT | 1GT12TEG3JF173886 |
| GMC | 2020 | SIERRA 1500 4WD | 3GTU9BEDOLG178988 |
| GMC | 2020 | SIERRA 1500 4WD | 3GTU9BED6LG814391 |
| GMC | 2019 | SIERRA 2500 4WD | 1GT12REY4KF235972 |
| GMC | 2016 | SIERRA 2500 4WD | 1GT12TEG7GF276642 |

at private sale to the Buyer, free and clear of all liens, claims, rights, and interests pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 6004, with the Liens and Claims attaching to the sale proceeds;

    b. To exercise the requisite authority related to the closing and the distribution of the sale proceeds, including but not limited to the authority to sign and deliver the titles to the Vehicles and other usual and customary documents necessary for closing the sale, and to pay or authorize credits from the proceeds of the sale to Blue Ridge Bank, N.A. (the "Bank") on account of its lien in the amount of $ _____.

    c. To retain any remaining proceeds of the sale.

3.      Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be immediately effective and enforceable upon its entry, and any applicable stay of this Order is waived in its entirety.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from and/or related to the interpretation and/or implementation of this Order.

*\*\*End of Order\*\**

**We ask for this:**

/s/  Robert S. Westermann
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:      (804) 771-5610
Facsimile:      (804) 644-0957
Email:          rwestermann@hirschlerlaw.com
                bfalabella@hirschlerlaw.com

*Proposed Counsel to the Debtor*

**Seen and agreed:**

/s/
Michael D. Mueller (VSB No. 38216)
WILLIAMS MULLEN
200 South 10th St., Suite 1600
Richmond, Virginia 23219
Email:          mmueller@williamsmullen.com

*Counsel for Blue Ridge Bank, N.A.*