**GIBBONS P.C.**
Brett S. Theisen, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4500
Facsimile: (973) 596-0545
Email: btheisen@gibbonslaw.com

*Counsel to Selective Insurance Company
of South Carolina*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | |
|---|---|
| In re: | Honorable Rebecca B. Connelly |
| A.G. DILLARD, INC.,[1] | Chapter 11 |
| Debtor. | Case No. 22-60115-RBC |

**LIMITED OBJECTION OF SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA TO MOTION OF THE DEBTOR FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF CASH COLLATERAL; AND (II) GRANTING ADEQUATE PROTECTION**

Selective Insurance Company of South Carolina ("Selective"), by and through its undersigned counsel, hereby submits this limited objection and reservation of rights ("Limited Objection") to the *Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral; and (II) Granting Adequate Protection* [ECF No. 4] filed in the above-captioned Chapter 11 case ("Cash Collateral Motion"). In support of its Limited Objection, Selective respectfully states as follows:

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows: A.G. Dillard, Inc. (2048).

1. Selective is the Debtor's primary commercial insurer, which issued a commercial "package" policy (No. S 244907601) to the Debtor for the term 8/1/21-8/1/22 for general liability, commercial auto, and commercial umbrella coverages (the "Policy").

2. The Debtor missed a payment for post-petition premiums on the Policy due March 1, 2022 in the amount of $15,128.00. Such payment remains outstanding and unpaid.

3. The budget approved by the *Interim Order (I) Authorizing Use of Cash Collateral; and (II) Granting Adequate Protection to Blue Ridge Bank* [ECF No. 20] (the "Interim Cash Collateral Order") did not include the necessary amounts for the Debtor's premiums due to Selective during the budgeted period, specifically the March 1, 2022 premium.[2]

4. The Cash Collateral Motion does not include a proposed final cash collateral budget and the Debtor has not shared a draft of any proposed budget with Selective.

5. To date the Debtor's counsel has not confirmed that the final budget will include premiums due to Selective, thereby calling into question the Debtor's ability to remain in chapter 11 if it does not have the means to pay for its existing insurance coverage (or, presumably, replacement coverage).

6. Selective does not object to the Debtor's use of cash collateral generally, but to the extent the Court approves the use of cash collateral, the final budget must include all amounts required for the Debtor to maintain adequate and necessary insurance coverage to continue to operate.

7. If Selective is not paid the post-petition premiums due to it under the Policy, it will be entitled to cancel the Policy, thereby leaving the Debtor and its estate uninsured.

---

[2] The budget line items for "Insurance Auto" and "Commercial Insurance" do not correspond to amounts due to Selective. In addition, Debtor's counsel confirmed to Selective that its premiums were not budgeted for the interim period – despite the fact that they came due during that time.

WHEREFORE, subject to the foregoing, Selective respectfully objects to the Cash Collateral Motion as set forth herein and respectfully submits that the Court cannot approve any final cash collateral budget that will leave the estate and creditors subject to uninsured risk.

Dated:  March 10, 2022     **COX LAW GROUP**

By: */s/ David Cox*
David Cox
900 Lakeside Drive
Lynchburg, VA  24501
Telephone: (434) 845-2600
Email: david@coxlawgroup.com

-and-

**GIBBONS P.C.**
Brett S. Theisen (*pro hac vice application pending*)
One Gateway Center
Newark, New Jersey  07102
Telephone:  (973) 596-4500
Email: btheisen@gibbonslaw.com

*Counsel to Selective Insurance Company of South Carolina*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 10, 2022 that the foregoing Limited Objection was filed by means of the Court's CM/ECF System which has served the Limited Objection upon all registered ECF participants who have appeared in this case.

Further, the undersigned certifies that on the same date, the Limited Objection was served upon the following via email and regular U.S. mail:

| | |
|---|---|
| OFFICE OF THE UNITED STATES TRUSTEE<br>First Campbell Square Building<br>210 First Street, SW, Suite 505<br>Roanoke, VA 24011<br>ATTN: Webb King and Joel Charboneau<br>Email: Webb.King@usdoj.gov<br>Joel.Charboneau@usdoj.gov | *Office of the United States Trustee* |
| HIRSCHLER FLEISCHER, P.C.<br>P.O. Box 500<br>Richmond, Virginia 23218-0500<br>*ATTN:* Robert S. Westermann and Brittany B. Falabella<br>Email: rwestermann@hirschlerlaw.com<br>bfalabella@hirschlerlaw.com | *Counsel for the Debtor* |
| KUTAK ROCK, LLP<br>901 E. Byrd St., Ste. 1000<br>Richmond, VA 23219<br>ATTN: Peter Barrett, Ch. 11 Subchapter V Trustee<br>Email: peter.barrett@kutakrock.com | *Counsel to the Official Committee of Unsecured Creditors* |
| WILLIAMS MULLEN<br>200 South 10th, Street, Suite 1600<br>Richmond, Virginia 23219-3095<br>ATTN: Michael D. Mueller, Esq.<br>Jennifer M. McLemore, Esq.<br>Bennett T. W. Eastham, Esq.<br>Email: mmueller@williamsmullen.com<br>jmclemore@williamsmullen.com<br>beastham@williamsmullen.com | *Counsel for Blue Ridge Bank* |

Dated: March 10, 2022         By: */s/ David Cox*