IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | | |
|---|---|---|
| IN RE: A.G. DILLARD, INC., : | Case No. 22-60115-RBC | |
| Debtor. : | Chapter 11 | |
| : | | |
| BREEDEN CONSTRUCTION, LLC, : | | |
| Movant, : | | |
| v. : | | |
| A.G. DILLARD, INC., : | | |
| Respondent. : | | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Breeden Construction, LLC ("Breeden"), by counsel, moves for relief from the automatic stay in order to exercise its equitable remedy of recoupment, or in the alternative, offset, against sums arising out of contract rights owed to the debtor, A.G. Dillard, Inc. ("Debtor" or "Dillard") In support of this request, Breeden states the following:

## Jurisdiction and Venue

1. Dillard filed a voluntary petition for relief under chapter 11 of United States Bankruptcy Code on February 9, 2022, and has been operating since as debtor-in-possession under 11 U.S.C. § 1107(c). Electronic Case File Docket ("ECF") No. 1.

Peter G. Zemanian, VSB No. 24922
Paul A. Driscoll, VSB No. 33476
Zemanian Law Group
223 East City Hall Avenue, Suite 201
Norfolk, Virginia 23510
(757) 622-0090
*Counsel for Breeden Construction, LLC*

2. The Court has subject matter and personal jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(G), 1334(b). Venue is appropriate in this district under 28 U.S.C. § 1409(a).

3. The United States Trustee appointed an Unsecured Creditors' Committee (the "Committee") on February 23, 2022. ECF No. 90. No other committees have been appointed.

### Factual Background

4. Breeden is a Virginia limited liability company headquartered in Virginia Beach, Virginia. It is a commercial general contractor whose specialties include the construction of multi-residential communities.

5. Dillard is a Virginia stock corporation which ". . . provides a wide variety of site construction services from start to finish that allows a developer to eliminate working with multiple contractors for site preparation." *Motion of the Debtor for Entry of Interim and Final Orders (I) Authorizing Use of Cash Collateral; and (II) Granting Adequate Protection*, ECF No. 4 at ¶ 6.

6. Breeden's open projects include the Berkmar Landing Apartments, 1100 Monocan Lane, Earlysville, Virginia ("Berkmar Landing") and The Presidio, 310 Fischer Street, Charlottesville, Virginia ("Presidio"). Breeden hired Dillard to perform certain site services on Berkmar Landing and Presidio with monthly payments to Dillard upon application certifying the progress of work and payment of Dillard's subcontractors, with final payment of retainage following completion of the project.

7. Work proceeded on each project until the latter part of 2021 when it became apparent to Breeden that Dillard's subcontractors were not being paid in a timely fashion, resulting in mechanics lien claims filed on each project which required Breeden to bond off such claims under Va. Code § 43-71 in order avoid suits to enforce such liens and to maintain clear title, avoid suits to enforce such liens and enable timely and proper completion of the projects.

2

A. <u>Berkmar Landing Apartments</u>.

8. Breeden is a party to a contract with Berkmar Apartments, LLC ("Berkmar Apartments") to serve as general contractor to construct a 261-unit apartment community with on-going delivery of buildings.

9. In order to meet its obligation with Berkmar Apartments, Breeden and Dillard entered into a subcontract dated July 22, 2020 which required Dillard to perform certain clearing, grubbing, earth work, site work, site utilities, paving, and site concrete work, at a price of $5,090,454.01 (the "Berkmar Subcontract"). A copy of the Berkmar Subcontract is attached as <u>Exhibit A</u>. The Berkmar Subcontract requires Dillard to post a payment and performance bond to ensure Dillard's payment to its subcontractors, and to ensure completion of Dillard's responsibilities in the event of default. Dillard provided the required bond.

10. The Berkmar Subcontract requires Dillard to certify timely payment to Dillard's subcontractors in its monthly applications for payment from Breeden. Dillard's timely payment of its own subcontractors on the Berkmar project was essential to prevent the filing of mechanics liens which would, in turn, hinder Breeden from obtaining its own draws under its contract with Berkmar Apartments.

11. Beginning in November 2021, it became apparent to Breeden that Dillard was not paying its own subcontractors on the Berkmar project and it estimates such unpaid claims to be:

| **Berkmar Subcontractors Owed Money by Dillard:** | **Amount** |
|---|---|
| Albemarle Co | $ 431.00 |
| Allied Concrete | $ 18,280.00 |
| Landscape Supply Inc | $ 156.00 |
| Luck Stone | $ 24,963.00 |
| Fergusion Enterprises | $ 3,803.00 |
| Martin Marietta Aggregates | $ 292.00 |
| United Rental | $ 1,314.00 |
| Roudabush, Gale & Assoc | $ 926.00 |
| S.L. Williamson | $ 268,058.00 |

| | |
|---|---|
| HD Supply White Cap | $ 2,311.00 |
| Performance Signs LLC | $ 295.00 |
| Lowes | $ 12.00 |
| Fortiline Waterworks | $ 112,105.00 |
| Richmond Lot Striping & Seal | $ 8,419.00 |
| Meridian Planning Group | $ 11,865.00 |
| Wilson Ready Mix (estimated) | $ 15,760.24 |
| **Total:** | **$ 468,990.24** |

12. A summary of the Berkmar project as of March 2, 2022, is set out below, including, amount remaining left to be drawn under the Berkmar Subcontract and Breeden's estimates of unpaid subcontractors and cost to complete the remaining work under the Berkmar Subcontract:

| **Berkmar Subcontract Breakdown** | |
|---|---|
| Original Contract: | $ 5,090,454.01 |
| Approved Change Orders: | $ (26,293.60) |
| Amount Billed to Date: | $ (4,868,431.11) |
| Remaining Available: | $ 195,729.30 |
| Pending Change Orders: | $ 1,312.65 |
| Total Amount Left to Bill: | $ 197,041.95 |
| Retainage Held: | $ 486,843.10 |
| Total Left to be Paid: | $ 683,885.05 |
| Sub/Supplier Claimed Dillard Debts | $ (468,990.24) |
| Bond Fee (S.L. Williamson Lien) | $ (10,722.00) |
| Bond Fee (Wilson Ready Mix Lien) | $ (630.41) |
| Attorney Fees (est.)($11,333.93 to date) | $ (50,000.00) |
| Estimated Cost to Complete Berkmar Subcontract | $ (1,139,767.60) |
| **Revised Total After Subs Paid:** | **$ (986,225.20)** |

13. Breeden's analysis concludes that it is unlikely the Berkmar Subcontract will result in any distributions to Dillard after taking into consideration the amount left to be billed, retainage, payments to subcontractors, and the cost to complete the project.

B. Presidio Apartments

14. Breeden is a party to a contract with Presidio Apartments, LLC ("Presidio Apartments") to serve as general contractor to construct an apartment community.

15. In order to meet its obligation with Presidio Apartments, Breeden and Dillard entered into a subcontract dated November 2, 2020, requiring Dillard to provide certain services for erosion and sediment control, clearing, grubbing, earth work, site work, site utilities, paving, site segmented and retaining walls, and site concrete work at a price of $7,632,838.94 (the "Presidio Subcontract"). A copy of the Presidio Subcontract is attached as Exhibit B. Dillard posted $500,000 in lieu of a payment bond with BridgeTrust Title as escrow agent.

16. Beginning in November 2021, it became apparent to Breeden that Dillard was not paying its own subcontractors on the Presidio project. Breeden withheld draws due to Dillard for November 2021 through January 2022 totaling $353,092.72 (the "Withheld Draws") and directed BridgeTrust Title to pay over the $500,000 escrow to Breeden which it did by wire transfer on February 8, 2022.

17. Breeden's analysis of Presidio subcontractors owed money by Dillard is:

| Presidio Subcontractors Owed Money by Dillard: | Amount |
|---|---:|
| Albemarle Co | $ 591.00 |
| Luck Stone | $ 98,252.00 |
| Fergusion Enterprises | $ 6,899.00 |
| S.L. Williamson | $ 124,375.00 |
| HD Supply White Cap | $ 207.00 |
| Allied Portable Toilets | $ 1,504.00 |
| Lowes | $ 370.00 |
| Van der Linde Recycling | $ 529.00 |
| H&E Equipment | $ 3,000.00 |
| Fortiline Waterworks | $ 206,271.00 |
| Shenandoah Valley | $ 568,159.00 |
| Meridian Planning Group | $ 26,700.00 |
| Wilson Ready Mix | $ 15,998.23 |
| WBS Precast | $ 20,873.00 |
| **Total** | **$ 1,073,728.23** |

18. Breeden summary of the Presidio project status as of March 4, 2022, is:

5

19.

| **Presidio Subcontract Breakdown** | |
|---|---|
| Original Contract: | $ 7,632,838.94 |
| Approved Change Orders: | $ 264,193.09 |
| Amount Billed to Date: | $ (5,163,440.87) |
| Remaining Available: | $ 2,733,591.16 |
| Pending Change Orders: | $ (11,663.00) |
| Total Amount Left to Bill on Presidio Subcontract: | $ 2,721,928.16 |
| Retainage Held: | $ 516,344.10 |
| Subtotal Left to be Paid: | $ 3,238,272.26 |
| Draws Held:  11/30/2021 | $ 153,009.09 |
| 12/31/2021 | $ 178,793.41 |
| 1/31/2021 | $ 21,290.22 |
| Escrow Held: | $ 500,000.00 |
| Total Left to be Paid: | $ 4,091,364.98 |
| Sub/Supplier Claimed Dillard Debts (summarized above) | $ (1,073,728.23) |
| Bond Fee (S.L. Williamson Lien) | $ (4,975.00) |
| Bond Fee (Wilson Ready Mix Lien) | $ - |
| Attorney Fees (est.)($11,866.29 to date) | $ (50,000.00) |
| Estimated Cost to Complete Presidio Subcontract | $ (2,962,661.75) |
| **Revised Total After Subs Paid:** | **$ -** |

20. As a result, Breeden estimates the Presidio Subcontract will not result in any material distributions to Dillard after taking into consideration the amount left to be billed, the escrow turned over to Breeden, draws held, retainage, payments to subcontractors, and the cost to complete the project.

21. The Berkmar Subcontract and the Presidio Subcontract are "executory contracts", in that they involve ongoing mutual obligations of performance by both parties. 11 U.S.C. §365. *See generally Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1045 (4th Cir. 1985) (adopts "Countryman definition" is determining that technology licensing agreement constitutes an executory contract).

22. In this context, Breeden requires from Dillard a statement of its intention regarding assumption or rejection of the Berkmar Subcontract and the Presidio Subcontract, as provided in 11

6

U.S.C. §365(a) and assurances of postpetition performance pending the assumption or rejection decision. As of the date of this motion, Dillard has not indicated its decision, but has ceased work at both the Berkmar Project and the Presidio Project and has pulled personnel and equipment from both sites. Breeden accordingly has been compelled to take over the immediate performance under the Berkmar Subcontractors otherwise called for from Dillard.

### Requested Relief

23. Breeden moves for relief from the automatic stay to exercise its recoupment rights against Withheld Draws (Presidio) and retainage (both projects), or in the alternative, to exercise offset rights.[1] Relief is necessary and appropriated in order to allow Breeden to recover advances made by it to pay prepetition claims of subcontractors needed to complete the Berkmar and Presidio projects, reserving for the Debtor's contractual right to dispute the determination of funds due Dillard after project completion.

24. Recoupment is the right of a defendant to have a plaintiff's monetary claim reduced by reason of some claim the defendant has against the plaintiff arising out of the same contract giving rise to the plaintiff's claim. *First Nat'l Bank of Louisville v. Master Auto Service Corp.*, 693 F.2d 308, 315 n.1 (4th Cir. 1982); *Tidewater Memorial Hospital, Inc., v. Bowen* (*In re Tidewater Memorial Hospital, Inc.*), 106 B.R. 876, 882 (Bankr.E.D.Va. 1989). Recoupment requires two elements to apply: first, the source of the defendant-creditor's claims must be a contract; and second, the source of the plaintiff-debtor's claims must arise from the same contract. *See Tavenner v. United States* (*In re Vance*) 298 B.R. 262, 267 (Bankr. E.D.Va. 2003). The determination of whether the two opposing claims arise out of the same contract are the "logical relationship" test and the second is a more restrictive "integrated relationship test." *Id.* In this instance, Dillard's claims against Breeden for

---

[1] There is some authority that treats recoupment as a nonstatutory exception to the automatic stay. *In re Thompson*, 182 B.R. 140, 149 (Bankr. E.D.Va. 1995)(citing cases), *aff'd* 92 F.3d 1182 (4th Cir. 1996) (unpublished opinion).

7

unpaid draws and retainage and Breeden's claims against the Debtor for Dillard's failure to perform and pay its subcontractors on the Berkmar and Presidio projects arise out of the same contract and therefore subject to recoupment.

25. In the alternative, Breeden has placed the equivalent of an administrative hold on the Withheld Draws and on any rights to retainage otherwise payable to the Debtor for purposes of preserving the *status quo* among the parties and to preserve its potential offset rights. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995). Relief from the automatic stay is necessary to exercise its offset rights. *See* 11 U.S.C. § 362(a)(7).

26. Bankruptcy Code § 553(a) provides the pendency of a bankruptcy case "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case. . . ." The exercise of a right of offset is subject to several procedural exceptions governing the automatic stay under § 362 and the use, sale or lease of property under § 363. *See Alexander & Jones v. Sovran Bank, N.A. (In re Nat Warren Contracting Co.)*, 905 F.2d 716, 718 (4th Cir. 1990) (*citing Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989)) (§ 553 does not create a separate right to offset, it merely preserves existing state law rights).

27. Virginia law recognizes the general right to offset mutual debts. *See Bernardini v. Central Nat'l Bank of Richmond*, 223 Va. 519, 521, 290 S.E.2d 863, 864 (1982); *National Bank and Trust Co. v. Castle*, 196 Va. 686, 695, 85 S.E.2d 228, 233 (1955).

28. All four offset elements are met under the circumstances of this case. The balances due to Breeden on account of Dillard's failure to perform and to timely pay its subcontractor are prepetition claims against the Debtor with the meaning of § 101(5). Breeden's obligations to pay Withheld Draws and retainage on each project constitute claims Dillard has against Breeden. The claims each has against the other are mutual in that they reflect obligations which owed between the

8

same parties arising out of the same contracts and each are valid and enforceable according to their terms. Breeden's rights to setoff are functionally a secured claim. *See In re Koch*, 224 B.R. 572, 576 (Bankr. E.D.Va. 1998)("[t]he right of setoff is expressly recognized in the Bankruptcy Code which treats a right of setoff as the equivalent of a security interest.")

29. The foregoing circumstances constitute "cause" within the meaning of Bankruptcy Code § 362(d)(1) to grant Breeden relief from the automatic stay to exercise its rights to recoupment, or in the alternative, an offset of the mutual obligations represented by the Withheld Draws and the retainage.

30. Dillard lacks equity in the contract rights against which Breeden seeks recoupment, or in the alternative, offset, and such contract rights are not necessary to an effective reorganization within the meaning of § 362(d)(2).

WHEREFORE, Breeden Construction, LLC, by counsel, moves for relief from the automatic stay to permit it to exercise its rights to recoupment against contractual draws withheld from the debtor prepetition and against contractual retainage that may be owing to the Debtor, or, in the alternative, for offset, and for such other and further relief as the Court deems appropriate.

Date: March 10, 2022                                    BREEDEN CONSTRUCTION, LLC

By: _____*/s/ Paul A. Driscoll*_____
Of Counsel

Peter G. Zemanian, VSB No. 24922
Paul A. Driscoll, VSB No. 33476
Zemanian Law Group
223 East City Hall Avenue, Suite 201
Norfolk, Virginia 23510
(757) 622-0090
*Counsel for Breeden Construction, LLC*

**CERTIFICATE OF SERVICE**

      I certify that I electronically filed the foregoing *Motion for Relief from Automatic Stay* with the Clerk on March 10, 2022, with service via the ECF system upon all who have noted an appearance, including:

| | |
|---|---|
| Robert S. Westermann | Peter J. Barrett |
| Brittney Falabala | Jeremy Williams |
| Hirshler Fleischer, P.C. | Kutak Rock, LLP |
| 2100 East Cary Street | 901 E. Byrd St., Ste. 1000 |
| Richmond, VA 23223 | Richmond, VA 23219 |
| *Counsel for A.G. Dillard, Inc.* | *Counsel for Official Committee of Unsecured Creditors* |

and on the same day by first class mail upon:

A.G. Dillard, Inc.
ATTN: A.G. Dillard, III
295 Memory Lane
Troy, VA  22974-3707.

                                                                                          */s/ Paul A. Driscoll*

Peter G. Zemanian, VSB No. 24922
Paul A. Driscoll, VSB No. 33476
Zemanian Law Group
223 East City Hall Avenue, Suite 201
Norfolk, Virginia 23510
(757) 622-0090
*Counsel for Breeden Construction, LLC*