**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | **Chapter 11** |
| **A.G. Dillard, Inc.,**[1] | ) | **Case No. 22-60115-RBC** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| **1st Source Bank,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **A.G. Dillard, Inc.,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY OR, IN THE ALTERNATIVE, FOR ADQUATE PROTECTION**

A.G. Dillard, Inc., as the Debtor and Debtor-in-Possession (the "**Debtor**") in the above-captioned Chapter 11 bankruptcy case, by and through its proposed counsel, hereby responds (this "**Response**") to the Motion for Relief from Automatic Stay or, in the Alternative, for Adequate Protection (the "**Motion**") filed by 1st Source Bank (the "**Movant**") as follows:

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows: A.G. Dillard, Inc. (2048). The Debtor's headquarters are located at 295 Memory Lane, Troy, Virginia 22974.

_____
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:　　804.771.9500
Facsimile:　　804.644.0957
E-mail:　　rwestermann@hirschlerlaw.com
　　　　　　bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*

1. The allegations contained in paragraph 1 of the Motion are legal conclusions to which no response is required; notwithstanding the foregoing, they are admitted.

2. The allegations contained in paragraph 2 of the Motion are legal conclusions to which no response is required; notwithstanding the foregoing, they are admitted.

3. The Debtor does not dispute the statutory bases for relief requested by the Movant, but denies that the Movant is entitled to the relief requested. Any allegation not expressly admitted herein is denied.

4. The allegations contained in paragraph 4 of the Motion are admitted.

5. The Debtor admits that it is a party to a *Loan and Security Agreement* (the "**Loan Agreement**"), which it signed on October 20, 2010.  The Debtor admits that Alan G. Dillard, III is a party to a *Guaranty of Payment* (the "**Guaranty**") dated October 20, 2010.  In response to the remaining allegations contained in paragraph 5 of the Motion, the Debtor avers that the terms of the Loan Agreement and/or Guaranty speak for themselves, and to the extent the allegations in paragraph 5 of the Motion vary from and/or are inconsistent therewith, they are denied.

6. The Debtor admits that it executed the notes attached at Exhibit B through Exhibit L to the Motion.  In response to the remaining allegations contained in paragraph 6 of the Motion (including subsections A through L) of the Motion, the Debtor avers that the terms of Exhibit B through Exhibit L speak for themselves, and to the extent the allegations in paragraph 6 (including subsections A through L) of the Motion vary from and/or are inconsistent therewith, they are denied.

7. In response to paragraph 7 of the Motion, the Debtor avers that the terms of Exhibit M and Exhibit N speak for themselves and to the extent the allegations in paragraph 7 of the Motion vary from and/or are inconsistent therewith, they are denied.

8. The Debtor denies the allegations contained in paragraph 8 of the Motion and demands strict proof thereof.

9. The allegations contained in paragraph 9 of the Motion constitute legal conclusions to which no response is required. To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

10. The allegations contained in paragraph 10 of the Motion constitute legal conclusions to which no response is required. To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

11. The Debtor denies the allegations contained in paragraph 11 of the Motion.

12. The Debtor admits that it intends to continue to operate its business. The Debtor denies the remaining allegations contained in paragraph 12 of the Motion.

13. The Debtor admits that the Movant has an equity cushion and denies the remaining allegations contained in paragraph 13 of the Motion. In addition, the Debtor avers that due to Movant's application of approximately $440,000 within the 90 day period prior to the Petition Date, the propriety of which is still under investigation, and which resulted in the Movant's status to change from under-secured to over-secured, the Movant is not entitled to relief from the automatic stay nor is it entitled to adequate protection.

14. The Debtor denies that Movant is entitled to adequate protection. The remaining allegations contained in paragraph 14 of the Motion constitute legal conclusions to which no response is required. To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

15. In response to the allegations contained in paragraph 15 of the Motion, the Debtor avers that the terms of 11 U.S.C. §§ 362 and 363 speak for themselves and to the extent the

allegations in paragraph 15 of the Motion vary from and/or are inconsistent therewith, they are denied.

16. The Debtor admits that the Movant has an equity cushion and denies the remaining allegations contained in paragraph 16 of the Motion. In addition, the Debtor avers that due to Movant's application of approximately $440,000 within the 90 day period prior to the Petition Date, the propriety of which is still under investigation, and which resulted in the Movant's status to change from under-secured to over-secured, the Movant is not entitled to relief from the automatic stay nor is it entitled to adequate protection.

17. The Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 17 of the Motion; to the extent the allegations require a response, they are denied.

18. The allegations contained in paragraph 18 of the Motion constitute legal conclusions and do not require a response.

19. The Debtor denies that the Movant is entitled to any relief found in the unnumbered "WHEREFORE" paragraph.

20. Any allegation contained in the Motion that is not specifically admitted is denied.

21. Attached hereto as **Exhibit A** is the Respondent's Certification.

22. The Debtor reserves all rights, claims, causes of action, and defenses with respect to the Movant, including but not limited to, any such claims and causes of action associated with the application of sale proceeds on or about November 12, 2021 and November 18, 2021.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order (i) denying the Motion; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: March 14, 2022          /s/ *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
E-mail: rwestermann@hirschlerlaw.com
       bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March 2022, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which sent a notice of such filing to all parties receiving notice in this Case. In addition, I hereby certify that on the 14th day of March 2022, I sent a true and correct copy of the foregoing to the Office of the United States Trustee, Counsel for the Movant, and Proposed Counsel for the Official Committee of Unsecured Creditors by electronic mail.

        */s/ Brittany B. Falabella*
        Robert S. Westermann

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| In re:<br>A.G. DILLARD, INC.,<br>      DEBTOR | CASE NO.    22-60115-RBC<br><br>CHAPTER:    11 |
|     1st SOURCE BANK,<br><br>    MOVANT<br>v.<br>    A.G. DILLARD, INC.,<br><br>    RESPONDENT. | |

**RESPONDENT'S CERTIFICATION REQUIRED WITH**
**RESPECT TO MOTION FOR RELIEF FROM STAY**

1.   If different from Movant's certification, description of property:

     _____Not Applicable_____

2.   Respondent's valuation of property: $1,579,448_____

     Basis for such valuation:   Approximate OLV_____

     Appraisal or other documentation of such valuation, if attached, is identified as Respondent's Exhibit A.


I HEREBY CERTIFY, as a Member of the Bar of this Court, that I represent the above-named Respondent(s) and that the information contained herein is true according to the best of my knowledge and belief.


DATED: March 14, 2022            /s/ Brittany B. Falabella
                                 Signature of Respondent(s) Attorney

***ALL BLANKS MUST BE COMPLETED           Robert S. Westermann (VSB No. 43294)
IF THE ANSWER IS NONE OR NOT              Brittany B. Falabella (VSB No. 80131)
APPLICABLE, PLEASE SO STATE.              HIRSCHLER FLEISCHER, P.C.
                                          The Edgeworth Building
                                          2100 East Cary Street
                                          Post Office Box 500
                                          Richmond, Virginia 23218-0500
                                          Telephone:   (804) 771-9500
                                          Facsimile:   (804) 644-0957
                                          E-mail:  rwestermann@hirschlerlaw.com
                                                   bfalabella@hirschlerlaw.com

                                          *Proposed Counsel for the Debtor*