IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| *IN RE*: | : | |
| | : | |
| A.G. DILLARD, INC., | : | Case No.: 22-60115-RBC |
| | : | (Chapter 11) |
| Debtor | : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHANNEL PARTNERS CAPITAL, LLC d/b/a | : |
| CHANNEL PARTNERS EQUIPMENT FINANCE: | |
| | : |
| Movant | : |
| | : |
| v. | : |
| | : |
| A.G. DILLARD, INC., DEBTOR, | : |
| | : |
| Respondent | : |

**CHANNEL PARTNERS' MOTION FOR RELIEF FROM AUTOMATIC STAY,
OR IN THE ALTERNATIVE, MOTION TO COMPEL ADEQUATE PROTECTION**

Channel Partners Capital, LLC d/b/a Channel Partners Equipment Finance ("Channel Partners"), by and through its counsel, respectfully moves this Court for an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to allow Channel Partners to repossess certain collateral from A.G. Dillard, Inc. (the "Debtor"), or, in the alternative, an order compelling Debtor to make adequate protection payments pursuant to 11 U.S.C. §§ 361 and 363 (the "Motion"). In support of the Motion, Channel Partners states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction in regard to this matter pursuant to 28 U.S.C. §§ 157 and 1334. The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 361, 362 and 363.

2. On February 9, 2022, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). *See* Docket No. 1.

3. The Debtor, as Debtor in Possession, has continued in possession of its property, pursuant to 11 U.S.C. §§ 1107 and 1108.

4. Venue is proper in this court pursuant to 28 U.S.C. § 1409 as the relief requested by this Motion constitutes a proceeding arising under and related to Debtor's Chapter 11 bankruptcy proceeding which is currently pending before this court.

## BACKGROUND

5. On or about September 10, 2021, Channel Partners, as secured party, and the Debtor, as customer, entered into Master Equipment Finance Agreement xx2656 and Schedule No. xx7970 thereto (the "Agreement") for the principal amount of $173,768.00. The Agreement was secured by one (1) 2019 CAT Yellow Iron Excavator, Model No. 926M, Serial No. LTE06973 (the "Equipment"). A true and correct copy of the Agreement is attached hereto as EXHIBIT 1.

6. Pursuant to the Agreement, the Debtor agreed to make sixty (60) consecutive monthly payments of $2,896.14. *See* EXHIBIT 1.

7. Channel Partners perfected its first-priority security interest in the Equipment by filing a UCC-1 Financing Statement with the Virginia State Corporation Commission. A true and correct copy of the UCC Financing Statement reflecting Channel Partner's lien on the Equipment is attached hereto as EXHIBIT 2.

8. Channel Partners fully performed its obligations under the Agreement.

9. The Debtor has failed to perform as required by the Agreement.

10. As a result of the default, Channel Partners is entitled to $142,607.89, exclusive of interest and attorneys' fees and costs.

11. Channel Partners estimates the value of the Equipment at $160,000.00, depending on condition and mode of sale.

12. Upon information and belief, the Equipment remains in the exclusive possession and control of the Debtor.

13. Channel Partners does not know if the Equipment is insured or otherwise safe from damage.

14. Upon information and belief, there are no other entities that may have a legal or equitable interest in the Equipment.

**RELIEF SOUGHT**

15. Section 362(d) of the Bankruptcy Code provides that:

>   (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay-
>
>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
>   (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>
>   (A) the debtor does not have an equity in such property; and
>
>   (B) such property is not necessary for an effective reorganization.

*See* 11 U.S.C. §362(d) (West 2022); *see also In re Ebersole*, 440 B.R. 690, 694 (Bankr. W.D. Va. 2010).

16. The total amount of Channel Partners' claim is $142,607.89. The estimated value of the Equipment is $160,000.00.

17. Cause exists to modify the automatic stay because the Debtor has no equity in the Equipment.

18. The Equipment is not necessary for an effective reorganization.

3

19. The Equipment continues to depreciate, thereby diminishing Channel Partners' interest in the Equipment.

20. Channel Partners will suffer irreparable damage if the relief requested is not granted immediately, as the interest of Channel Partners is not adequately protected.

21. The automatic stay must be terminated or modified to allow Channel Partners to liquidate the Equipment to afford Channel Partners the opportunity to minimize its losses and claims against the Debtor.

### B.     *Adequate Protection of Channel Partners' Interest in the Equipment.*

22. Section 363(e) of the Bankruptcy Code requires that adequate protection be given to an entity whose interest in the property is affected by the debtor's use, sale, or lease of property. *See* 11 U.S.C. §363(e) (West 2022); *see also In re Harold & Williams Dev. Co., Inc.*, 163 B.R. 77, 80 (Bankr. E.D. Va. 1994) (court shall condition use of secured property as is necessary to provide adequate protection of such interest).

23. Section 361 of the Bankruptcy Code provides that when adequate protection of an interest in property is required under §363, such adequate protection may be provided by way of cash payments, the granting of additional liens, or such other relief as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

24. If the Debtor claims that the Equipment is necessary for an effective reorganization and intends to retain possession and use of the Equipment, then this Court, pursuant to § 363(e) of the Bankruptcy Code, should condition the continued use of the Equipment on the Debtor's payment of adequate protection to Channel Partners to protect Channel Partners' interest in the Equipment, including, at a minimum, cure of all post-petition defaults and requiring periodic cash payments to Channel Partners thereafter.

4

25. Channel Partners will suffer irreparable damage if such relief is not granted immediately, as the Debtor has no equity in the Equipment, the interest of Channel Partners is not adequately protected, and the Equipment continues to depreciate.

WHEREFORE, Channel Partners Capital, LLC d/b/a Channel Partners Equipment Finance respectively requests:

a. that the automatic stay be modified or terminated to permit Channel Partners to dispose of the Equipment;

b. that the provisions of Bankruptcy Rule 4001(a)(3) not apply to this Order modifying the stay;

c. that, if relief from stay is not granted as to the Equipment, in the alternative the Debtor be ordered to cure all post-petition defaults and pay to Channel Partners regular payments for post-petition possession and use of the Equipment; and requiring the Debtor to continue making monthly installment payments to Channel Partners until such time as the Equipment may be surrendered to Channel Partners; and

d. that Channel Partners have such other and further relief as this Court deems just and proper.

Dated: March 31, 2022

Respectfully submitted,

**THE LAW OFFICES OF RONALD S. CANTER, LLC**

*/s/ Bradley T. Canter*
Bradley T. Canter, Esquire, #86766
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
bcanter@roncanterllc.com
**Counsel for Creditor,
Channel Partners Capital, LLC
d/b/a Channel Partners Equipment Finance**

**CERTIFICATE OF SERVICE**

    The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by Electronic Notification pursuant to ECF procedures on this 31st day of March, 2022 to:

Brittany Berlauk Falabella, Esquire
Robert S. Westermann, Esquire
Hirschler Fleischer, A Professional Corp
2100 East Cary Street
Richmond, VA 23218-0500
bfalabella@hirschlerlaw.com
rwestermann@hirschlerlaw.com
**Counsel for Debtor**

Peter Barrett, Esquire
Jeremy Shane Williams, Esquire
Kutak Rock, LLP
901 E. Byrd St., Ste. 1000
Richmond, VA 23219
peter.barrett@kutakrock.com
jeremy.williams@kutakrock.com
**Counsel for Official Committee of Unsecured Creditors**

and mailed, first class, postage pre-paid this 31st day of March, 2022, to:

A.G. Dillard, Inc.
295 Memory Lane
Troy, Virginia 22974
**Debtor**

                                                              */s/ Bradley T. Canter*
                                                              Bradley T. Canter