**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION (LYNCHBURG)**

In Re:

A.G. DILLARD, INC.,
    Debtor in Possession

CHAPTER 11

Case No. 22-60115-RBC

FALCON LEASING, a Division
of Falcon National Bank,
    Movant

v.

A.G. DILLARD, INC.,
    Respondent.

**MOTION FOR RELIEF FROM AUTOMATIC**
**STAY PROVISION OF 11 U.S.C. § 362(a)**

    Falcon Leasing, a Division of Falcon National Bank ("Falcon Leasing"), by counsel and pursuant to 11 U.S.C. § 362(d)(1), Rule 4001 and Rule 9014 of the Federal Rules of Bankruptcy Procedure and L.R. 9013-1 of the Local Rules of the United States Bankruptcy Court for the Western District of Virginia, moves the United States Bankruptcy Court for the Western District of Virginia, Lynchburg Division ("Bankruptcy Court"), for the entry of an order granting Falcon Leasing relief from the automatic stay provisions of 11 U.S.C. § 362(a) to take all actions necessary to collect and recover on certain collateral in possession of the Debtor. In support of this motion, Falcon Leasing states as follows:

STEVEN L. HIGGS, P.C. (VSB # 90566)
Steven L. Higgs (VSB # 22720)
9 Franklin Road, S.W.
Roanoke, Virginia 24011-2403
(540) 400-7990 Telephone
(540) 400-7999 Facsimile
higgs@higgslawfirm.com
*Counsel for Falcon Leasing, a Division of Falcon National Bank*

48517042v1

## JURISDICTION

1. On February 9, 2022 (the "Petition Date"), A.G. Dillard, Inc. ("Debtor"), filed in the Bankruptcy Court a voluntary Chapter 11 petition as case number BK-22-60115. The Debtor is now, and at all relevant times has been, operating as the debtor-in-possession and has retained possession of its estate pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. This is a contested matter brought in the Case (as this term is defined in paragraph 2) pursuant to 11 U.S.C. § 362(d)(1). Therefore, it is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(G). The Bankruptcy Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

3. Prior to the Petition Date, Debtor purchased a 2019 Caterpillar 336 Excavator, Serial No. DKS01790 (the "Collateral"). The purchase was effected using financing from Falcon Leasing, as evidenced by an Equipment Finance Agreement dated August 26, 2021 (the "Finance Agreement"). The amount financed under the agreement was $250,304.65 at a rate of 5.19%. The total of all scheduled payments due and owing under the Finance Agreement was to be $284,722.80 in sixty (60) monthly payments of $4,745.38. A copy of the Finance Agreement is filed herewith.

4. Debtor failed to make payment due on January 26, 2022, and under the terms of the Finance Agreement is therefore in default. Debtor has failed to make any further payments since the Petition Date.

5. As security for repaying the amounts due and owing under the Finance Agreement, Debtors granted Falcon Leasing a purchase-money security interest in the Collateral (the "Security Interest"). Falcon Leasing is currently the lawful holder of the Security Interest. Falcon Leasing perfected its Security Interest by filing a UCC-1 Financing Statement, Filing No.

202108270099231, with the Virginia State Corporation Commission. A copy of the UCC-1 Financing Statement is filed herewith.

6. As of the Petition Date, the amount due and owing under the Finance Agreement was $238,415.29, not including additional fees and expenses, including attorneys' fees. The outstanding balance will continue to accrue interest in accordance with the terms of the Finance Agreement.

7. The Debtor's schedules list the Collateral's current value at $163,000.00 [ECF 59].[1] Falcon disputes the valuation. The Collateral continues to depreciate.

## RELIEF REQUESTED / CAUSE

8. Falcon Leasing now seeks relief from the automatic stay in order to exercise its rights under applicable non-bankruptcy law, as the Collateral continues to depreciate during the pendency of Debtor's bankruptcy and the Security Interest is not adequately protected. Relief from the automatic stay is appropriate pursuant to 11 U.S.C. § 362(d)(1), as cause exists due to the lack of adequate protection of Falcon Leasing's interest in the Collateral against this depreciation.

9. 11 U.S.C. § 362(d) states, in relevant part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

10. "Cause" can be established, in the case of lack of adequate protection, by showing: (1) the debtor owes the moving party a debt or obligation, (2) the moving party has an interest in the collateral securing the debt, and (3) that the value of the collateral is declining. *In re Jeff Benfield*

---

[1] Falcon Leasing does not admit or consent to Debtor's stated value of the Collateral, and expressly reserves the right to assert and/or seek valuation of the Collateral.

*Nursery, Inc.*, 565 B.R. 603, 610 (Bankr. W.D.N.C. 2017). Once the movant demonstrates cause for relief, it is the non-movant's "burden to demonstrate that the property is being adequately protected." *In re Franklin Co.*, 416 B.R. 483, 523 (E.D. Va. 2009).

11.　"Ordinarily, a creditor with an undercollateralized lien is entitled to relief from the automatic stay where the debtor in possession cannot provide adequate protection." *In re Millerburg*, 61 B.R. 125, 127 (E.D.N.C. 1986).

12.　Cause exists to terminate the automatic stay with regard to the Collateral, as the Collateral is subject to depreciation in value and no provision has been made for the protection of Falcon Leasing's interest in the Collateral. "Adequate protection in the form of periodic cash payments can be provided to an entity which holds an interest in property of the estate when. . . the use of that property by the debtor-in-possession . . . will result in a 'decrease in the value of such entity's interest in such property.'" *In re Falwell Excavating Co., Inc.*, 47 B.R. 217, 219 (W.D. Va. 1985) *quoting* 11 U.S.C. § 361(1).

13.　The Collateral is an excavator, a piece of heavy construction equipment that is particularly vulnerable to depreciation given the nature of its use in excavating heavy loads and being otherwise used for difficult work that is certain to cause wear and tear. The rate of depreciation is evidenced by the fact that the Debtor purchase the Collateral in August 2021 for more than $250,000 and, then, five (5) months later attested in its schedules it is only worth $163,000.; or a thirty-five (35%) percent decline in value. Although Falcon disputes this value, neither the Debtor nor Falcon dispute that the Collateral is depreciating; for which Falcon is not being compensated for.

14.　Debtor's stated intent to continue operating its business, which is that of an "excavating contractor," which would include the use of the Collateral, and failed to indicate any

48517042v1　　　　　　　　　　　　　　　　4

intent to adequately protect the Security Interest. *See* [ECF 44, p. 2]. Use of the Collateral is certain to further depreciate the value of the Collateral, which causes harm to Falcon Leasing by reducing its secured interest due to the limited and/or non-existent equity cushion.

15. Falcon has requested adequate protection payments from the Debtor and the Debtor has not responded. Stay relief is necessary and warranted to preserve the collateral value for Falcon Leasing.

16. Further, Debtor is in default under the terms of the Finance Agreement, and outstanding payments are due and owing. Debtor's failure to make prepetition payments and post-petition payments is another avenue for a finding of "cause" pursuant to 11 U.S.C. § 362(d)(1). *In re McCullough*, 495 B.R. 692, 695–96 (W.D.N.C. 2013).

## NOTICE TO DEFENDANT TO SERVE WRITTEN RESPONSES

17. Pursuant to Federal Rules of Bankruptcy 4001(a)(1), 7004, and 9014, Falcon Leasing has provided notice of this Motion to the Debtor, the Office of the U.S. Trustee, and the Official Committee of Unsecured Creditors.

WHEREFORE, Falcon Leasing, a division of Falcon National Bank moves the Court for an order modifying the automatic stay so as to permit Falcon Leasing to exercise its rights and remedies under applicable non-bankruptcy law, waiving Fed. R. Bankr. P. 4001(a)(3) to make the order effective immediately, and for such other and further relief as may be just and equitable.

          Respectfully submitted,

          STEVEN L. HIGGS, P.C.

          /s/ Steven L. Higgs

          Steven L. Higgs
          For the Firm

STEVEN L. HIGGS, P.C. (VSB # 90566)
Steven L. Higgs (VSB # 22720)
9 Franklin Road, S.W.
Roanoke, Virginia 24011-2403
(540) 400-7990 Telephone
(540) 400-7999 Facsimile
higgs@higgslawfirm.com

Counsel for Falcon Leasing, a Division of Falcon National Bank

48517042v1           6

**VERIFICATION**

I, Donna Scepaniak, an authorized representative of Falcon Leasing, a division of Falcon National Bank, the moving party named in the foregoing, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: 3/30/2022 .

By: *Donna Scepaniak*
Donna Scepaniak
Accounts Receivable Manager

## **CERTIFICATE OF SERVICE**

I certify that on this 2nd day of April, 2022, a true and correct copy of the foregoing was sent electronically to any party receiving ECF notifications in this proceeding, and was sent by USPS First-Class Mail, upon the following:

>Robert S. Westermann, Esq.
>Hirschler Fleischer, P.C.
>P.O. Box 500
>Richmond, Virginia 23223
>
>Office of the U. S. Trustee
>210 First Street, S.W., Suite 505
>Roanoke, Virginia 24011
>
>Official Committee of Unsecured Creditors
>c/o Peter J. Barrett
>Kutak Rock LLP
>901 E. Byrd St., Ste. 1000
>Richmond, VA 23219