

SIGNED  April 1, 2022
 THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA

| In re: A.G. Dillard, Inc.  Debtor(s) | CASE NO. 22−60115  CHAPTER 11 |
|---|---|
| **Channel Partners Capital, LLC**  **MOVANT(S)**  v.  **A.G. Dillard, Inc.**  **RESPONDENT(S)** | |

### PRE−HEARING ORDER

A Motion for Relief from Stay pursuant to 11 U.S.C. Sec. 362 has been filed and it appearing that pursuant to the provisions of Sec. 362 of the Bankruptcy Code the Court is required to conduct prompt hearings with respect to motions for relief from the automatic stay; and it further appearing that it is necessary to enter certain orders to permit the Court to conduct the aforesaid hearings, and good cause appearing, it is

O R D E R E D :

1.  Within seven (7) days from the date of this Pre−Hearing Order, the Movant shall file with the Court and serve on each Respondent a certification on the Movant's certification form available on the Court's website, and supporting exhibits, unless the particular information specified below is contained in the Motion for Relief from Stay. If all the below information is not contained in the Motion for Relief, the Movant must file the certification attaching exhibits as necessary for subsection (a) and containing the information in subsections (b) and (c):

    a.  True copies of all notes, bonds, deeds of trust, security agreements, car titles, financing statements, assignments, and every other document upon which the Movant(s) will rely at the time of hearing. Attaching these documents as exhibits to the motion shall constitute compliance.

    b.  A statement of amount due including a breakdown of the following categories:

        (1) Unpaid principal
        (2) Accrued interest and the beginning and ending dates for accrual thereof
        (3) Late charges and the period covered by the late charges
        (4) Attorney's fees
        (5) Advances for taxes, insurance, and the like
        (6) Unearned interest
        (7) Any other charges
        (8) A per diem interest factor

    c.    A valuation of the property involved as well as the basis for such valuation.

2.    If any Respondent opposes the relief sought in the Motion for Relief, such Respondent(s) shall file within fourteen (14) days from the date of this Pre−Hearing Order a pleading responsive to the allegations contained in the Motion, including as an exhibit the information required in the Respondent's Certification form available on the Court's website, if necessary. Notwithstanding the foregoing provision, if the Motion for Relief has been filed in a case under Chapter 7 before the date of the initial meeting of creditors pursuant to 11 U.S.C. § 341(a), the Chapter 7 trustee Respondent, if any, shall file any pleading responsive to the allegations contained in the Motion within fourteen (14) days from the date of the initial meeting of creditors. In the event the Movant's Certification form is not timely filed, the Respondent(s) shall file a responsive certification within seven (7) days of the date of its tardy filing, but no later than the day prior to the scheduled hearing. As part of the responsive pleading, the Respondent(s) shall indicate whether controversy exists as to the authenticity of any documents involved in the motion and shall specify the disputed documents.

**Failure to file a responsive pleading, by the applicable deadline set forth above, shall be deemed consent by the non−responding party to the relief requested by the Movant(s) and a waiver of any further notice or opportunity for hearing. Upon default, Movant(s) may prepare and file for entry a default order and there will be no necessity for appearance of counsel as long as the order is entered by the Court prior to the hearing date.**

3.    **The attorneys for the parties are directed to confer with respect to the issues raised by the Motion prior to the scheduled day of the hearing for the purpose of determining whether a consent order may be entered and/or for the purpose of stipulating to relevant facts, such as the value of the property, and the extent and validity of any security interest. Unless otherwise specifically requested in the Motion and approved by the Court, the initial hearing on the Motion shall be treated as a preliminary hearing.**

4.    At least <u>five</u> (5) days prior to the scheduled final hearing, the Movant(s) shall file with the Court and serve upon each Respondent a detailed report of any appraiser whose testimony is to be presented at the hearing. Said detailed report shall include, without limitation, the qualifications of the appraiser and the factual basis for the appraisal, including comparable sales if utilized, and the method of appraisal. In the case of a motor vehicle, Blue Book or Black Book values may be submitted and counsel shall certify which Book is being used and which category of value is being used, e.g. with respect to Blue Book − wholesale, retail or loan value.

5.    At least <u>three</u> (3) days prior to final hearing, the Respondent(s) shall file with the Court and serve upon the Movant(s) a report of any appraiser it intends to utilize at the time of hearing, which report shall include the same detail as is specified in the preceding paragraph.

6.    At least <u>three</u> (3) days prior to final hearing, the Respondent(s) shall file with the Court and serve upon the Movant(s) a statement as to how the Movant(s) can be adequately protected if the stay is to be continued by the Court.

7.    Not later than the working day prior to final hearing, counsel shall file with the court, via CM/ECF, one copy of all exhibits to be introduced at the hearing properly marked for identification and shall serve a copy of the exhibits on opposing counsel and any pro se party. On the day of hearing any party filing exhibits via CM/ECF shall bring to court 3 copies of all exhibits filed via CM/ECF for use at the hearing. Exhibits filed via CM/ECF shall be deemed the originals for purposes of the record and admissibility of the exhibits shall be determined on the record at the hearing. *Pro se* parties are required to file exhibits conventionally with the Clerk of this Court rather than via CM/ECF, but will be required to comply with all other provisions of this paragraph. Strict compliance is required to the exhibit instructions available on the Court's website.

8.    All counsel and the parties shall comply with this Order and failure to do so will result in imposition of appropriate sanctions and/or dismissal of the proceeding.

                                                        \*\*END OF ORDER\*\*

United States Bankruptcy Court

Western District of Virginia

| | |
|---|---|
| In re: | Case No. 22-60115-rbc |
| A.G. Dillard, Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0423-6 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 01, 2022 | Form ID: oprh | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+             Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 03, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + A.G. Dillard, Inc., 295 Memory Lane, Troy, VA 22974-3707 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Apr 03, 2022 | Signature: | /s/Joseph Speetjens |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 1, 2022 at the address(es) listed below:

| Name | Email Address |
|---|---|
| B. Webb King | Webb.King@usdoj.gov |
| Bradley Canter | on behalf of Creditor Channel Partners Capital  LLC d/b/a Channel Partners Equipment Finance bcanter@roncanterllc.com |
| Brandy M. Rapp | on behalf of Creditor Caterpillar Financial Services Corporation brapp@wtplaw.com  twhitt@wtplaw.com |
| Brett S. Theisen | on behalf of Creditor Selective Insurance Company of South Carolina btheisen@gibbonslaw.com |
| Brittany Berlauk Falabella | on behalf of Debtor A.G. Dillard  Inc. bfalabella@hirschlerlaw.com |
| Carl A Eason | on behalf of Creditor First Federal Leasing  a Division of First Bank Richmond bankruptcy@wolriv.com |

| | | |
|---|---|---|
| District/off: 0423-6 | User: admin | Page 2 of 2 |
| Date Rcvd: Apr 01, 2022 | Form ID: oprh | Total Noticed: 1 |

Corey Simpson Booker
    on behalf of Creditor Atlantic Union Equipment Finance Inc. corey.booker@atlanticunionbank.com

Donald C. Schultz
    on behalf of Creditor Carter Machinery Company Inc. dschultz@cwm-law.com, cmatos@cwm-law.com;dsmith@cwm-law.com

H. David Cox
    on behalf of Creditor Selective Insurance Company of South Carolina ecf@coxlawgroup.com CoxLawGroup@jubileebk.net

H. David Cox
    on behalf of Creditor Wilson Ready Mix LLC ecf@coxlawgroup.com, CoxLawGroup@jubileebk.net

Hannah White Hutman
    on behalf of Creditor Fluvanna County Virginia hhutman@hooverpenrod.com, scurtis@hooverpenrod.com;hpnotices@gmail.com;hooverpenrodign@gmail.com;HooverPenrodPLC@jubileebk.net

James S Livermon, III
    on behalf of Creditor The Huntington National Bank charlie.livermon@wbd-us.com kim.cone@wbd-us.com

Jeffrey L. Tarkenton
    on behalf of Creditor The Huntington National Bank Jeffrey.tarkenton@wbd-us.com karla.radtke@wbd-us.com,chad.ewing@wbd-us.com

Jeremy Shane Williams
    on behalf of Creditor Committee Official Committee of Unsecured Creditors jeremy.williams@kutakrock.com lynda.wood@kutakrock.com;amanda.nugent@kutakrock.com;adolyn.wyatt@kutakrock.com

Justin E. Simmons
    on behalf of Creditor Adams Construction Company jsimmons@woodsrogers.com jmartin@woodsrogers.com

Justin E. Simmons
    on behalf of Creditor Boxley Ready Mix LLC jsimmons@woodsrogers.com, jmartin@woodsrogers.com

Justin E. Simmons
    on behalf of Creditor Boxley Materials Company jsimmons@woodsrogers.com jmartin@woodsrogers.com

Kevin J. Funk
    on behalf of Creditor J.H. Findorff & Son Inc. kfunk@dagglaw.com

Michael David Mueller
    on behalf of Creditor Blue Ridge Bank mmueller@williamsmullen.com avaughn@williamsmullen.com;beastham@williamsmullen.com

Michael E Hastings
    on behalf of Creditor 1st Source Bank mhastings@woodsrogers.com jmartin@woodsrogers.com

Nancy R. Schlichting
    on behalf of Creditor Allied Concrete Company nrs@fplegal.com lmg@lplaw.com

Nancy R. Schlichting
    on behalf of Creditor Performance Signs LLC nrs@fplegal.com, lmg@lplaw.com

Neal L. Walters
    on behalf of Creditor Pawnee Leasing Corporation nwalters@scottkroner.com

Paul Arthur Driscoll
    on behalf of Creditor Breeden Construction LLC pdriscol@pendercoward.com

Paul J Feinman
    on behalf of Creditor Ferguson Enterprises LLC pfeinman@pldrlaw.com, p.j.feinman@gmail.com

Peter J Barrett
    on behalf of Creditor Committee Official Committee of Unsecured Creditors peter.barrett@kutakrock.com charisse.matthews@kutakrock.com

Quinton Callahan
    on behalf of Creditor New Belvedere Inc. qcallahan@clark-bradshaw.com, mg-brooks@clark-bradshaw.com;crhodes@clark-bradshaw.com;callahan@clark-bradshaw.com

Robert S Westermann
    on behalf of Debtor A.G. Dillard Inc. rwestermann@hirschlerlaw.com, rhenderson@hirschlerlaw.com

Steven L Higgs
    on behalf of Creditor Steven Falcon Leasing a Division of Falcon National Bank higgs@higgslawfirm.com, admin@higgslawfirm.com

Steven L Higgs
    on behalf of Creditor Falcon Leasing a Division of Falcon National Bank higgs@higgslawfirm.com, admin@higgslawfirm.com

USTrustee
    USTPRegion04.RN.ECF@usdoj.gov

TOTAL: 31