# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA
# Lynchburg Division

| | |
|---|---|
| In re: ) | |
| ) | **Chapter 11** |
| A.G. Dillard, Inc.,[1] ) | **Case No. 22-60115-RBC** |
| ) | |
| Debtor. ) | |
| ) | |
| Channel Partners Capital, LLC d/b/a ) | |
| Channel Partners Equipment Finance, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| A.G. Dillard, Inc., ) | |
| ) | |
| Respondent. ) | |

### RESPONSE TO CHANNEL PARTNERS' MOTION FOR RELIEF FROM AUTOMATIC STAY OR, IN THE ALTERNATIVE, MOTION TO COMPEL ADEQUATE PROTECTION

A.G. Dillard, Inc., as the Debtor and Debtor-in-Possession (the "**Debtor**") in the above-captioned Chapter 11 bankruptcy case, by and through its proposed counsel, hereby responds (this "**Response**") to the Motion for Relief from Automatic Stay, or in the Alternative, Motion to Compel Adequate Protection (the "**Motion**") filed by Channel Partners Capital, LLC d/b/a Channel Partners Equipment Finance (the "**Movant**") as follows:

1. The allegations contained in paragraph 1 of the Motion are legal conclusions to which no response is required; notwithstanding the foregoing, jurisdiction is admitted. The Debtor does not dispute the statutory bases for relief requested by the Movant, but denies that

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows: A.G. Dillard, Inc. (2048). The Debtor's headquarters are located at 295 Memory Lane, Troy, Virginia 22974.

the Movant is entitled to the relief requested. Any allegation not expressly admitted herein is denied.

2. The allegations contained in paragraph 2 of the Motion are admitted.

3. The allegations contained in paragraph 3 of the Motion are admitted.

4. The allegations contained in paragraph 4 of the Motion are legal conclusions to which no response is required; notwithstanding the foregoing, they are not contested.

5. The Debtor admits that it is a party to a *Master Equipment Finance Agreement* and *Equipment Finance Agreement Schedule* (collectively, the "**Agreement**"), attached as Exhibit 1 to the Motion. In response to the remaining allegations contained in paragraph 5 of the Motion, the Debtor avers that the terms of the Agreement speak for themselves, and to the extent the allegations in paragraph 5 of the Motion vary from and/or are inconsistent therewith, they are denied.

6. In response to paragraph 6 of the Motion, the Debtor avers that the terms of Exhibit 1 speak for themselves, and to the extent the allegations in paragraph 6 of the Motion vary from and/or are inconsistent therewith, they are denied.

7. The Debtor is without sufficient information to admit or deny the allegation contained in paragraph 7 of the Motion and therefore, the allegations are denied

8. The Debtor admits the allegations contained in paragraph 8 of the Motion.

9. The Debtor admits the allegations contained in paragraph 9 of the Motion.

10. The Debtor denies the allegations contained in paragraph 10 of the Motion and demands strict proof thereof.

11. The Debtor denies the allegations contained in paragraph 11 of the Motion and demands strict proof thereof.

12. The Debtor admits the allegations contained in paragraph 12 of the Motion.

13. The Debtor is without sufficient information to admit or deny what information the Movant does or does not know, but avers that the Equipment (as defined in the Motion) is insured and otherwise safe from damage.

14. The Debtor denies the allegations contained in paragraph 14 of the Motion and demands strict proof thereof.

15. The allegations contained in paragraph 15 of the Motion constitute statements of law to which no response is required.

16. The Debtor denies the allegations contained in paragraph 16 of the Motion and demands strict proof thereof.

17. The Debtor denies the allegations contained in paragraph 17 of the Motion and demands strict proof thereof.

18. The Debtor denies the allegations contained in paragraph 18 of the Motion and demands strict proof thereof.

19. The Debtor denies the allegations contained in paragraph 19 of the Motion and demands strict proof thereof.

20. The Debtor denies the allegations contained in paragraph 20 of the Motion and demands strict proof thereof.

21. The Debtor denies the allegations contained in paragraph 21 of the Motion and demands strict proof thereof.

22. The allegations contained in paragraph 22 of the Motion constitute statements or law and/or legal conclusions to which no response is required. To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

23. The allegations contained in paragraph 23 of the Motion constitute statements or law and/or legal conclusions to which no response is required. To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

24. The Debtor denies the allegations contained in paragraph 24 of the Motion and demands strict proof thereof.

25. The Debtor denies the allegations contained in paragraph 24 of the Motion and demands strict proof thereof.

26. The Debtor denies that the Movant is entitled to any relief found in the unnumbered "WHEREFORE" paragraph.

27. Any allegation contained in the Motion that is not specifically admitted is denied.

28. The Movant failed to timely file the Movant's Certification in compliance with the Court's Pre-Hearing Order [Docket No. 128].

29. Pursuant to the terms of the Pre-Hearing Order, the hearing on April 26, 2022 is a preliminary hearing.

30. The Debtor reserves all rights, claims, causes of action, and defenses with respect to the Movant.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order (i) denying the Motion; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: April 15, 2022

   /s/  *Brittany B. Falabella*
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  (804) 771-9500
Facsimile:   (804) 644-0957
E-mail: rwestermann@hirschlerlaw.com
        bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 15th day of April 2022, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which sent a notice of such filing to all parties receiving notice in this Case.  In addition, I hereby certify that on the 15th day of April 2022, I sent a true and correct copy of the foregoing to the Office of the United States Trustee, Counsel for the Movant, and Counsel for the Official Committee of Unsecured Creditors by electronic mail.

   */s/ Brittany B. Falabella*
   Brittany B. Falabella