# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
### Lynchburg Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Chapter 11** |
| **A.G. Dillard, Inc.,**[1] | ) | **Case No. 22-60115-RBC** |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **Falcon Leasing, a Division of Falcon National Bank,** | ) ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **A.G. Dillard, Inc.,** | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE TO MOTION FOR RELIEF FROM
## AUTOMATIC STAY PROVISION OF 11 U.S.C. § 362(a)

A.G. Dillard, Inc., as the Debtor and Debtor-in-Possession (the "**Debtor**") in the above-captioned Chapter 11 bankruptcy case, by and through its counsel, hereby responds (this "**Response**") to the Motion for Relief from Automatic Stay Provision of 11 U.S.C. § 362(a) (the "**Motion**") filed by Falcon Leasing, a Division of Falcon National Bank (the "**Movant**") as follows:

1.      The allegations contained in paragraph 1 of the Motion are admitted.

2.      The allegations contained in paragraph 2 of the Motion are legal conclusions to which no response is required; notwithstanding the foregoing, they are not contested.

---

[1] The Debtor in this Chapter 11 Case and the last four digits of its taxpayer identification number are as follows: A.G. Dillard, Inc. (2048).  The Debtor's headquarters are located at 295 Memory Lane, Troy, Virginia 22974.

3.      The Debtor admits that it is a party to an *Equipment Finance Agreement* that it executed on August 26, 2021 (the "**Agreement**"), the terms of such Agreement speak for themselves, and to the extent the allegations in paragraph 3 of the Motion vary from and/or are inconsistent therewith, they are denied.

4.      The Debtor admits that it failed to make payment to the Movant in January and has not made a payment to the Movant since the Petition Date.[2]  The remaining allegations in paragraph 4 of the Motion reference the terms of the Agreement and/or are legal conclusions. The terms of the Agreement speak for themselves, and to the extent the allegations in paragraph 4 of the Motion vary from and/or are inconsistent therewith, they are denied.  In addition, legal conclusions do not require a response.  To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

5.      The allegations in paragraph 5 of the Motion reference the Agreement and a UCC-1 Financing Statement, the terms of which speak for themselves, and to the extent the allegations in paragraph 4 of the Motion vary from and/or are inconsistent therewith, they are denied.

6.      The Debtor denies the allegations contained in paragraph 6 of the Motion.

7.      With respect to the first sentence of paragraph 7 of the Motion, the Debtor avers that its statements and schedules speak for themselves, and to the extent the allegations in paragraph 7 vary from and/or are inconsistent therewith, they are denied.  The Debtor is without sufficient information to admit or deny whether the Movant disputes the Debtor's valuation, but does not contest this allegation.  Finally, the Debtor denies the remaining allegations contained in paragraph 7 of the Motion.

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

8.      The Debtor denies the allegations contained in paragraph 8 of the Motion and demands strict proof thereof.

9.      The allegations contained in paragraph 9 of the Motion constitute statements of law to which no response is required.  To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

10.     The allegations contained in paragraph 10 of the Motion constitute statements of law and/or legal conclusions to which no response is required.  To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

11.     The allegations contained in paragraph 11 of the Motion constitute statements of law to which no response is required.  To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

12.     The Debtor denies the allegations contained in the first sentence of paragraph 12 of the Motion and demands strict proof thereof.   The remaining allegations contained in paragraph 12 of the Motion constitute statements of law to which no response is required.  To the extent a response is required, the Debtor denies the same and demands strict proof thereof.

13.     With respect to the allegations contained in paragraph 13 of the Motion, the Debtor admits that the Collateral is an excavator and denies the remaining allegations contained in paragraph 13 of the Motion.

14.     With respect to the allegations contained in paragraph 14 of the Motion, the information contained in any filed document speaks for itself and to the extent the allegations contained in paragraph 14 of the Motion vary from and/or are inconsistent therewith, they are denied.  The Debtors deny the remaining allegations contained in paragraph 14 of the Motion.

15.     The Debtor admits that the Movant requested adequate protection payments and denies the remaining allegations of paragraph 15 of the Motion.

16.     With respect to the allegations contained in paragraph 16 of the Motion that reference the terms of the Agreement, those terms speak for themselves and to the extent the allegations contained in paragraph 16 of the Motion vary from and/or are inconsistent therewith, they are denied. The remaining allegations contained in paragraph 16 are denied.

17.     The Debtor lacks sufficient information to admit or deny the allegations contained in paragraph 17 of the Motion, but admits that it received notice of the Motion.

18.     The Debtor denies that the Movant is entitled to any relief found in the unnumbered "WHEREFORE" paragraph.

19.     Any allegation contained in the Motion that is not specifically admitted is denied.

20.     The Movant failed to timely file the Movant's Certification in compliance with the Court's Pre-Hearing Order [Docket No. 135].

21.     Pursuant to the terms of the Pre-Hearing Order, the hearing on April 26, 2022 is a preliminary hearing.

22.     The Debtor reserves all rights, claims, causes of action, and defenses with respect to the Movant.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order (i) denying the Motion; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: April 18, 2022

 /s/  Brittany B. Falabella
Robert S. Westermann (VSB No. 43294)
Brittany B. Falabella (VSB No. 80131)
HIRSCHLER FLEISCHER, P.C.
The Edgeworth Building
2100 East Cary Street
Post Office Box 500
Richmond, Virginia 23218-0500
Telephone:  (804) 771-9500
Facsimile:  (804) 644-0957
E-mail: rwestermann@hirschlerlaw.com
             bfalabella@hirschlerlaw.com

*Proposed Counsel for the Debtor*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2022, a true and correct copy of the foregoing was filed using the Court's CM/ECF system, which sent a notice of such filing to all parties receiving notice in this Case.  In addition, I hereby certify that on the 18th day of April 2022, I sent a true and correct copy of the foregoing to the Office of the United States Trustee, Counsel for the Movant, and Counsel for the Official Committee of Unsecured Creditors by electronic mail.

   */s/ Brittany B. Falabella*
        Brittany B. Falabella